## SWIFT MANUFACTURING CO. *v.* HENDERSON.

*Simmons, C. J.*—1. The word "wages" means the compensation paid to a hired person for his services. This compensation to the laborer may be a specified sum for a given time of service, or a fixed sum for a specified work; that is, payment may be made by the job. The word "wages" does not imply that the compensation is to be determined solely upon the basis of time spent in service; it may be determined by the work done. Ford *v.* R. Co., 54 Iowa, 728. And see 28 Am. & Eng. Enc. of Law, Wages, 513 note, and 515 note, Rood on Garnishment, §89; Seiders' Appeal, 46 Penn. St. 57; Hamberger *v.* Marcus, 157 Penn. St. 136, 137.

2. Accordingly, when the compensation of an ordinary laborer in a factory is so many cents per "hank" for every hank he makes, payable biweekly, this compensation is "wages," and as such exempt from the process of garnishment.

3. The judge erred in refusing to sanction the petition for *certiorari.*                                    *Judgment reversed.*

June 8, 1896.  By two Justices.  Argued at the last term.

Petition for *certiorari*.   Before Judge Butt.   Muscogee county.   June 24, 1895.

The petition alleged, that on March 15, 1895, Henderson sued Pittman in a justice's court and on the same day had summons of garnishment issued to petitioner. Petitioner answered, that at the time of the service of the garnishment it was indebted to defendant $6.60 as daily wages, and since then had become indebted to him $13.65 as daily wages. Plaintiff traversed this answer, denying that the sums were due to defendant for daily wages. The case went by appeal to a jury in the justice's court. It appeared that the summons was served on the garnishee March 15, 1895. Pittman was then working as a day-

laborer for the garnishee, and receiving 85 cents a day. On March 18, the contract the garnishee had with Pittman was changed, and it paid him 11 cents a hank and required him to make not less than eight hanks a day, for which he was to receive 88 cents, and for all over and above the eight hanks he made he was to be paid 11 cents a hank. The wages he received for the day's work depended upon the amount of hanks he turned out. It was his business to run a frame, and it required constant manual labor to run it. He did the same kind of work at 11 cents a hank he was doing when he was paid at 85 cents a day, the only change made in the contract being the manner in which he was to be paid. He could not substitute any one in his place. He turned out an average of eight hanks a day. The garnishee paid its hands every two weeks. Pittman was paid at the same time all the others were paid. The $13.65 was made by Pittman under the 11 cents a hank contract, except $1.70. The justice of the peace charged the jury, that if the garnishee had Pittman employed at a stipulated sum per day, his wages would not be subject, but if he was doing contract work at so much a piece or hank, as had been testified about, then his wages would be subject. The jury found against the garnishee $8.55, which was the amount of the judgment Henderson had obtained against Pittman. It is alleged that the magistrate erred in so charging; and that the verdict was contrary to law and without evidence to support it.

The judge refused to sanction the petition for *certiorari*, and petitioner excepted.

*Miller, Wynn & Miller*, for plaintiff in error.
*W. H. McCrory* and *J. E. Chapman*, contra.