# DAVID P. PURVINES

*v.*

# JOHN C. CHAMPION.

1. EVIDENCE—*offer to a third party, when admissible.* Where one partner offered to sell to a third party the partnership effects, except a span of bay horses, for $3000, or for $3500 including them, and the other partner, being unwilling to make the sale, offered to purchase on the same terms, and the offer was accepted, and the defendant partner afterwards took out the span of horses and kept them as his individual property, it was *held,* in a suit by the other partner to recover one-half of the value of the horses, that evidence of the offer to the third party was pertinent and important as showing the bargain between the two partners.

2. PARTNERSHIP—*right of one partner to sue the other at law.* Where a partner proposed to sell the partnership effects to a third person for $3500, or for $3000, reserving from the sale a span of horses, and his co-partner, being unwilling to sell, offered to purchase on the same terms, and the offer was accepted, and the partner selling afterwards elected to take the horses, valued at $500, as his individual property, and it appeared that the partner purchasing had paid the other $1500, one-half of the price, and that

there were no outstanding partnership debts or accounts to be settled: *Held*, that the partner taking the horses was liable to the other in an action at law for one-half their value, and that an express promise to pay was not necessary to a recovery.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

This was an action of assumpsit, by John C. Champion against David P. Purvines. The declaration consisted of one count in *indebitatus assumpsit* for goods, wares, horses, etc., sold. Plea, non-assumpsit. The facts of the case are stated in the opinion.

Mr. N. M. BROADWELL, for the appellant.

Messrs. CULLOM & ZANE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In the spring of 1870, Champion and Purvines entered into a partnership in the livery business as equal partners, and carried on the same until the 10th of November of that year, when Purvines, wishing to close the partnership and sell out, proposed to one Tripp to sell to him the entire partnership stock, excepting a span of bay horses for $3000, or to sell the same, including the horses, for $3500; but Champion, not being willing to sell on those terms, offered, himself, to buy out Purvines at the same price, and the latter accepted the offer.

Soon after, Champion inquired of Purvines if he wished to take out the bay horses, and he answered that he did. The partnership was dissolved, Champion taking all the stock except the bay horses, and Purvines taking them, which thenceforth were treated as the individual property of Purvines, who afterwards sold the same, they being of the value of $500.

This action was brought by Champion against Purvines, to recover the one-half of the price or value of the horses,

and he recovered a judgment for $250, from which Purvines has appealed.

Appellant contends that, in virtue of the trade, the bay horses became his individual property in consideration of his assent to the sale of the other partnership property to Champion for $3000; and that there is no liability on his part in respect of the horses. The evidence upon this point was conflicting and of such a character as would not justify the court in disturbing the finding of the jury upon the facts, under the well known rules which govern in the review of the verdict of a jury.

It is urged that there was error in the admission on the trial below of evidence of the offer of sale made to Tripp. As the evidence showed that Champion purchased on the same terms on which Purvines had offered to sell to Tripp, the terms of the offer to sell to Tripp were important to be known in order to ascertain the terms of the bargain between Purvines and Champion. The evidence was certainly pertinent.

It is further contended, that if there be any liability here, the only remedy is in equity, because it is a matter growing out of a partnership concern, and there was no express promise to pay.

The general rule, that one partner can not, in an action at law, recover money due to him from his co-partner for a matter connected with the partnership, we consider does not apply in this case.

The reason of the rule is, that until all the partnership concerns are ascertained and adjusted it is impossible to know whether a particular partner be a debtor or a creditor of the firm; and it would be useless for one partner to recover what, upon taking a general account amongst all the partners, he might be liable to refund.

To ascertain here whether or not the defendant was indebted to the plaintiff, would not, so far as appears, involve a consideration of partnership transactions.

It does not appear, from the evidence, that a single debt remained due from or to the firm.   All the evidence relating to any indebtedness whatever, at any time, appears in the following passage of Champion's testimony:

" That, after the dissolution, witness paid defendant some money at different times, and paid some debts which the firm owed; that some time after the dissolution, James Withey assisted in a settlement between witness and defendant at their request, which showed that the sum of the payments made by witness to defendant, and the defendant's share of the debts of the firm paid by witness, amounted to $1500; that the bay horses were not taken into this settlement; it included all the other matters."

From this uncontradicted testimony, we think the jury might have been authorized to infer ( in case such proof were necessary), that there had been a final settlement of their partnership concerns between the parties, and substantially a balance ascertained.   The horses had been voluntarily separated from the partnership stock and appropriated to Purvines. So far as appears, the only item in any way connected with the partnership that remained unadjusted, was the controverted one-half interest of Champion in these horses.

In *Edens* v. *Williams*, 36 Ill. 252, one partner was allowed to recover from the other the agreed purchase price of the partnership stock sold by the one to the other, although it did not appear that there were no unsettled partnership debts.

We are of opinion that an express promise was not necessary.   We perceive no sufficient reason why an implied promise should not be of equal avail with an express one, where the circumstances are such as to raise an implied promise.   Collyer on Part. secs. 274, 281; Parsons on Part. 281, 282.

The judgment is affirmed.

*Judgment affirmed.*