FORD & BUTTERFIELD ET AL. v. THE ST. L., K. & N. W. R. COMPANY.

| 54 | 723 |
|----|-----|
| 85 | 547 |

1. **Contract: CONSTRUCTION OF: WAGES.** Under a contract for the grading of a railroad, which provided that the contractors should receive in payment the wages for actual labor of men and teams in performance of the work, at prices to be approved by the chief engineer, with ten per cent additional as compensation to themselves, it was held that they might properly sublet the work with the approval of the chief engineer, and were entitled to recover their percentage computed upon the amount paid the subcontractors, such amount being the wages paid them for the performance of the work as contemplated in the contract. ADAMS, Ch. J., *dissenting*.

2. **Evidence: TIME BOOKS: PROOF OF PROPER KEEPING.** Time books kept with the men engaged in work upon a railroad are not admissible in evidence to show the cost or amount of such work until it is shown that they were properly and correctly kept.

3. **Contract: FOR CONSTRUCTION OF RAILWAY: MONTHLY SETTLEMENTS.** Monthly settlements made between the contractors and company under a contract for the construction of a railroad were held not to be conclusive as final settlements between the parties.

*Appeal from Lee District Court.*

SATURDAY, OCTOBER 23.

ACTION at law upon a written contract between plaintiffs and defendant for grading and masonry done in the construction of a part of defendant's railroad. The cause was sent to a referee. Exceptions to his report were taken by defendant, which were in part sustained. Both parties appeal.

*Hagerman, McCrary & Hagerman*, for plaintiffs.

*Gillmore & Anderson*, for defendant.

BECK, J.—I. The contract which is the foundation of the action is for the grading and masonry to be done upon twenty-five sections of defendant's railroad. The work contracted for has been completed, and this action is to recover the com-

pensation provided for by the contract. The main questions presented by the case involve the construction of the stipulations contained in the instrument pertaining to the compensation to be paid for the work contemplated. These stipulations are in the following language:

"1. The price of grading under this contract shall be as follows: For earth, twenty cents per cubic yard; for loose rock, sixty-five cents per cubic yard; for solid rock, one hundred and twenty-five (125) cents per cubic yard; for clearing and grubbing, thirty-five dollars per acre actually done; for second-class masonry, eight dollars per cubic yard; for rubble masonry, five dollars per cubic yard; for retaining wall directed by engineer, 165 cents per cubic yard.

"2. Or, at the option of the second party, instead of receiving pay at rates in the printed part of this contract, said second party may receive pay therefor as follows, viz:

"1st. The wages for actual labor of men and teams in performance of said work, at prices to be approved by the chief engineer of the first party, together with the actual cost of powder, fuse and sharpening rock tools, to be paid by the first party directly to the men employed, and for the material. Such labor only to include men and teams actually on the work, and necessary *foremen* to oversee gangs of men, to be approved by said engineer of first party, and the price to such foreman to be only same as that of a common laborer, to be paid by first party; any further payment to such foremen to be paid by second party.

"2d. In addition to the payment for such actual *labor*, *powder* and *fuse*, said second party to receive the further sum of ten per cent of the amount of such *labor*, *powder* and *fuse* (so to be paid by said first party), which is to be in full for all *advances*, *shanties*, *pay of foremen*, above ordinary labor, care, attention, general supervision, clerk-hire, agents and personal care, and all other claims whatsoever.

"3d. No *laborer*, *team* or *foreman* to be employed, or retained on work without consent of said engineer; and work

shall be performed only at such times and in such manner as said engineer shall approve. Time of men and teams to be given daily to time-keeper of first party; said engineer may require discharge of any of said *foremen*, *men* or *teams*.

"3. Estimates to be made on the first of each month for work done and material put into work during the previous month, and 90 per cent of such estimate to be paid on or before the 10th of the month in cash, which must be applied first to payment of laborers and for material, and be paid directly therefor by the cashier of the first party, under direction of the second party, and as a payment to said second party to that amount, or the second party must deliver to the first party the receipts of the laborers and material men for such month before he is entitled to payment. After such laborers and material men are paid, the balance of said 90 per cent to be paid to said second party for such month. The 10 per cent reserved until work is fully completed, and then to be paid first to fully pay for such labor and materials, if any remains unpaid, and the balance to be paid to the second party."

A part of the work was let by plaintiffs to subcontractors; and payments were made to them as well as to the laborers and employes of the plaintiffs, as contemplated by the last paragraph of the above quotation from the contract. The conflicting claims of the parties as presented by the issues formed by the pleadings, are as follows:

1. The plaintiffs claim that they are entitled for the work done by themselves under the second paragraph of the part of the contract above set out, having elected to receive compensation as is therein provided.

2. That for the work done by the subcontractors they should recover under the same stipulation ten per centum upon the amount paid to the subcontractors.

3. Or for the work done by the subcontractors plaintiffs ought to recover upon the basis of the estimates for the work.

as provided for in the paragraph of the contract first quoted above.

These claims are denied by defendant. It further insists that plaintiffs are concluded by monthly settlements made each month, and receipts executed in full satisfaction of the sums due upon the estimates then rendered.

E. H. Harrison intervened in the action, showing that plaintiffs assigned the contract to him to secure the payment of $5,000 and interest due from plaintiffs to him. His death was subsequently suggested, and the executors of his estate were substituted. The referee found, and so reported, that plaintiffs were entitled to recover:

1. The amount actually expended by plaintiffs upon the work done by themselves, with ten per centum added, as provided by the second paragraph of the foregoing quotation from the contract.

2. The cost of the work done by the subcontractors, the estimates being based upon the prices of the work as fixed by the contract with them, and the per centum added thereto, as provided by the contract with plaintiffs as above set out. From the aggregate of all the work done, the payments made by defendant being deducted, the balance shows the amount for which the referee recommends that judgment should be entered.

3. The referee further found that the settlements and receipts made by plaintiffs did not conclude them from recovering the amount found due from defendant.

4. The defendant offered in evidence certain time books of labor done upon the work, which were kept by defendant's employes. The referee excluded these books, holding that they were not sufficiently verified to be regarded as competent evidence.

To these findings of the referee defendant excepted. The first exception assails the finding of the referee to the effect that the plaintiffs were not barred and estopped by the receipts and settlements; the second objects to the finding of the

referee in rejecting the time books offered in evidence, and the third assails the finding of the referee to the effect that plaintiffs are entitled to recover ten per centum upon the amounts paid to the subcontractors. The first and second exceptions were overruled, the third sustained, and judgment was rendered for plaintiffs in the sum of $2,960.47, excluding the ten per centum upon the estimates paid to the subcontractors. To the ruling of the court sustaining defendant's third exception to the referee's report, and rendering judgment accordingly, plaintiffs excepted, and assign the same for error in this court. The objections urged by defendant upon its appeal will be hereafter considered; they need not be now mentioned.

II. The court below held that plaintiffs could not recover for the work done by the subcontractors under the stipula-

1. CONTRACT: tion of the contract providing for the payment construction of: wages. of the actual cost of the work and ten per centum of the same. The correctness of this ruling, being brought in question by the plaintiffs' appeal, first demands our attention. No question was raised in the court below as to the fact of plaintiffs exercising the right of election under the stipulation of the contract upon which they claim, and the time when it was done. The only question made upon that stipulation involves the right of plaintiffs to recover the ten per centum upon the estimates of the work done by the subcontractors. To the consideration of this question we will now direct our attention.

. The stipulation of the contract in question provides that at the option of plaintiffs they shall receive as compensation for the work "the wages for actual labor of men and teams in the performance of said work at prices to be approved by the chief engineer of the party of the first part, together with the actual cost of powder, etc., to be paid by the first party directly to the men employed, and for material," and in addition thereto "the further sum of ten per cent of such labor, etc."

It is very plain that the contract contemplates that plaintiffs may employ laborers to do the work, and that they were not to do the work with their own hands. "The *wages* for the actual labor of men and teams" employed in the work is to be ascertained, and is to be the basis of the estimates for the compensation plaintiffs are to receive. The contract is silent as to whether the labor is to be employed by the day or by the "job," whether those who perform the labor shall receive compensation for the time spent by them while at work, or whether compensation shall be based upon the work done. The *wages* paid the laborers is the basis of the estimate of the sum to be paid plaintiff. The word *wages* means the compensation paid to a hired person for his services. This compensation to the laborer may be a specified sum for a given time of service, or a fixed sum for specified work; that is, payment may be made by the job. The word "*wages*" does not imply that the compensation is to be determined solely upon the basis of time spent in service; it may be determined by the work done. It means compensation estimated in either way.

It is very plain that one who has work done may pay as wages for the workmen more than the laborers will receive. This will occur when there is a contractor who is paid a specified sum per day for the work done by him and his workmen. A carpenter is employed to build a house under a contract by which he is to receive for the labor of each of his journeymen $2.50 per day. He pays his journeymen only $2 per day, while the wages paid for them by the person for whom the work is done is $2.50 per day. Now, in this case, when the rights of the contractor to compensation for the labor of the journeymen is considered, their wages must be regarded as the sum the contractor is to receive—$2.50 per day. The same rule would prevail if the journeymen were to be paid by the job, and the contractors were to receive compensation for their labor in the same way.

As we said, the contract before us contemplates that plain-

tiffs may employ others to do the work, and it of course contemplates that the wages of the laborers may be determined by the day or by the job. In stipulating that "wages for actual labor of men and teams" are alone to be estimated, the thought is not excluded that such wages may be by the job. Indeed, we find nothing in the contract inconsistent with our conclusion.

We think the evidence in the case tends to show that the parties themselves put this construction upon the contract. The officers of defendant not only assented to plaintiffs letting part of the work to subcontractors, but urged them to do so. Nothing was said or done indicating that either party supposed that by pursuing this course they would abandon the contract or violate its terms. Surely the plaintiffs would not have let this work to subcontractors had they supposed their profit of ten per centum would thereby have been lost, and it can hardly be presumed that the officers of defendant expect plaintiffs to assume the responsibility of the work let to subcontractors, and be at the expense of superintending it, without receiving therefor compensation in any form. We are satisfied this construction is not only in harmony with the language of the contract and the interpretation adopted by the parties, but its recognition effectuates justice in this case.

The referee did not report a finding upon the question involving the approval, by the chief engineer of defendant, of the prices paid to the subcontractors. His view of the case probably did not require it. The evidence before us authorizes the conclusion that there was such approval. The finding of the referee, therefore, that plaintiffs were entitled to recover the prices paid to the subcontractors, as prescribed in the contract with them, and ten per centum thereon, is correct. The District Court, we think, erred in sustaining defendant's exception to this finding.

It is proper to remark here that the course of reasoning by which we reach the conclusion upon this point of the case

is different from that pursued by the referee and counsel for plaintiffs as presented in their argument before us. We are well satisfied to rest upon it.

III. We will now proceed to examine the objections raised by defendant to the rulings and judgment in the court below.

The defendant offered in evidence time books kept by its officers or employes, showing the days' labor performed by

**2. EVIDENCE: time books : proof of proper keeping.** men engaged in the work. They were shown to be the books kept by defendant's employes, but they were not supported by the testimony of those who kept them showing their correctness. We think they were properly excluded. Documents of this kind cannot be admitted in evidence until it be shown that they were truly and correctly kept. Without such support they are to be classed with declarations of persons competent to testify, and hearsay evidence. While the contract provides that such books shall be kept, it does not prescribe the character they shall possess as instruments of evidence. Their admissibility is determined by rules of evidence applicable to such documents.

IV. Defendant insists that the settlements and receipts, being in full for the work done, conclude plaintiffs in this

**3. CONTRACT: for construction of railway : monthly settlement.** case. The contract provides for the payment of the persons actually engaged as the work progresses. Ten per centum of the cost of labor and materials were reserved to be paid when the work was completed. These settlements and payments were made under the contract. Payments under the contract in full for the work as it progressed, of course would not cover the amount reserved to be paid when the road was completed. Neither would it cover the ten per centum to be added to the cost of the work, as provided by the second paragraph of the contract above set out.

V. It is insisted that the judgment is erroneous in that it does not provide for defendant's protection against an ac-

tion brought by one Dan Ford to recover as a subcontractor under plaintiffs. No exception was taken to the report of the referee on the ground that this matter was not presented in the findings. Whatever we find in the abstracts in regard to that action does not affirmatively show that it constitutes a defense to this action. It is, therefore, not made to appear that the District Court erred in refusing to grant a new trial on the ground of the pendency of that action.

No other questions are presented for determination. The judgment of the District Court is reversed, and the cause will be remanded for judgment upon the report of the referee.

REVERSED ON PLAINTIFFS' APPEAL.

AFFIRMED ON DEFENDANT'S APPEAL.

ADAMS, CH. J., *dissenting.*—In my opinion the court below did not err in disallowing the plaintiffs' ten per cent upon the subcontract price. The contract evidently did not contemplate that the work, or any part of it, would be sublet. It was to be done by plaintiffs, who were to furnish the labor, powder and fuse, and have their option to be paid by the cubic yard, or to be paid the actual cost of labor, powder and fuse, and ten per cent thereon. The ten per cent was for advances, shanties, pay of foremen above ordinary labor, clerk hire, agents, and personal care. The moment the work was sublet the plaintiffs were relieved mainly of the expenses and care which the ten per cent was designed to compensate them for. The subcontractors having assumed these expenses and care, we may assume that the subcontract price was graduated accordingly. This being so, I see no reason for giving plaintiffs ten per cent thereon. There is certainly nothing in the letter of the contract that allows ten per cent to be computed upon such a basis, and I see nothing in its spirit.

The fact that the subcontract was approved by the defendant's officers does not change my view. If the defendant could be considered a party to such approval, it would, I

think, at most, only indicate a willingness to pay plaintiff's the subcontract price, if they preferred that to payment by the cubic yard.