GUNSEL v. McDONNELL ET AL.

1. **Instructions as to Pleadings:** ERROR CURED BY OTHER INSTRUCTIONS. A failure to instruct the jury that the allegations of the petition are denied by the answer is no ground for reversal where, by other instructions, the jury is told that plaintiff cannot recover unless he establishes the material allegations of his petition by a preponderance of the evidence.

2. ————: MORE SPECIFIC THAN THE ISSUE, BUT WARRANTED BY EVIDENCE. Where the petition alleged a special property in a buggy, without stating the nature and extent of such property, and defendants, instead of moving for a more specific statement, put the allegation in issue as made, and the evidence showed the nature and extent of

plaintiff's property, *held* that an instruction which recognized the nature and extent of his property, as shown by the *evidence*, was not erroneous as not being warranted by the *issues*.

3. **Chattel Mortgage:** PROPERTY IN HANDS OF PLEDGEE: SEIZURE UNDER MORTGAGE: OBJECTION BY PLEDGEE: WAIVER. The chattels in question were in the hands of plaintiff, an unsatisfied pledgee of the mortgagor, at the time the chattel mortgage was made and when the property was seized thereunder. When the property was so seized, plaintiff objected, and claimed to be its owner, but did not claim a lien upon it. *Held* that by failing to assert his lien he did not waive his right to recover for the conversion of the property. *Angell v. Johnson*, 51 Iowa, 625, distinguished.

4. **Verdict:** EVIDENCE TO SUPPORT ON APPEAL. There being some evidence to support the verdict, it will not be disturbed in this court.

*Appeal from Clay District Court.*

FRIDAY, DECEMBER 11.

PLAINTIFF brought this action to recover the value of a buggy and a pair of buggy shafts, which he alleges the defendants wrongfully and maliciously took from his possession and converted to their own use. He alleges that he had a special property in the buggy, and that he was entitled to the present possession of it, and that he was the absolute owner of the shafts. In one count of his petition he demands punitory damages on account of the malicious taking and conversion of said property by defendants. In one division of their answer the defendants deny all the allegations of the petition. In another division they allege that the defendant McDonnell is the sheriff of Palo Alto county, and that McNally is marshal of Emmetsburgh, in said county, and that there was placed in their hands, for foreclosure, a chattel mortgage given by one A. F. Mayne to John R. Lemmon, and that said mortgage covered the buggy in question; that said buggy was in plaintiff's barn, and they took peaceable possession of the same under said mortgage, and removed it from said barn, and that plaintiff made no objection at the time to their taking it, and asserted no claim to it, but that he afterwards asserted

that he had brought the buggy from Illinois, and attempted to take it out of their possession by force. There was a verdict and judgment for plaintiff, and defendants appeal.

*T. W. Harrison*, for appellants.

*P. O. Cassidy*, for appellee.

REED, J.—The evidence tended to prove that Mayne, the owner of the buggy in question, delivered it to plaintiff as a security for a debt he was owing him, and that this pledge of the property was made before the execution of the mortgage under which defendants took possession of it. It also shows that, at the time defendants took the buggy from plaintiff's possession, he objected to their taking it, and asserted that he had brought it from Illinois, but made no claim that he had a lien upon it.

I. In instructing the jury, the court did not expressly tell them that the allegations of the petition were denied by the answer. This omission is the ground of the first

1. INSTRUC-TIONS as to pleadings: error cured by other instructions.

assignment of error argued by counsel. We are of the opinion that defendants were not prejudiced by the omission. The court told the jury that before plaintiff could recover under the issue on account of the taking by defendants of the buggy, he must prove— *First*, that Mayne, the owner of the buggy, was indebted to him; *second*, that said buggy was placed in his possession by Mayne as a pledge to secure the payment of the debt; and, *third*, that this was done before the execution by Mayne of the mortgage to Lemmon. He also told them that before plaintiff could recover for the shafts (which were shown to be his own property) he must prove that defendants took and converted them. He also told them that if plaintiff was entitled to recover on account of the taking of the buggy, the measure of his recovery therefor would be the amount of the indebtedness for the security of which it was pledged; and

that, if he was entitled to recover on account of the conversion of the shafts, the measure of his recovery therefor would be the value of said shafts. By these instructions the burden of proving the material allegations of his petition was as certainly placed upon plaintiff as it could have been done by an express direction that they were all denied by the answer, and the question of punitory damages was eliminated from the case.

II. It is next insisted that the instruction that plaintiff might recover for the taking of the buggy on proof that 2. ——: more specific than issue, but warranted by evidence. Mayne was indebted to him, and that he placed the buggy in his possession as a pledge for the security of such debt before the execution of the mortgage to Lemmon, is not applicable to any issue in the case. The allegation in the petition, that plaintiff had a special property in the buggy, is certainly very general and indefinite. If defendants had moved for a more specific statement in the petition, plaintiff would doubtless have been required to state the extent of his property in said buggy, and how the same was derived. Defendants, however, did not move for such statement; but put in issue the general averment that plaintiff had a special property in it. Under the issue thus made, plaintiff was entitled to introduce evidence tending to establish whatever special right or property he held in said buggy. The evidence, as stated above, tended to prove that the property had been pledged to plaintiff as security for a debt. The instruction was applicable to the evidence, and, as the parties had chosen to go to trial upon an issue which did not clearly define the right which plaintiff was seeking to establish, the court very properly determined from the evidence introduced the character or nature of the right he was asserting, and instructed with reference to it.

III. The court did not instruct the jury as to the effect of the failure by plaintiff to notify defendants, when they took possession of the property, that he claimed to have a lien upon it. Defendants insist that by neglecting at that

**3. CHATTEL mortgage : property in hands of pledgee : seizure under mortgage : objection by pledgee : waiver.** time to assert his right to the property he waived such right, and that the court erred in not instructing the jury that such was the legal effect of his failure to assert it. It may be that if plaintiff had permitted defendants to take possession of the property without asserting any claim to it, or if he had made a false claim with reference to his right, and thereby induced them to take it, he would be estopped from afterwards asserting the claim he is now seeking to establish. But he did not permit them to take it without objection. He resisted them to some extent, and, in effect, asserted that he was the owner of the property; and they cannot claim that they were misled by anything he did at the time of the transaction. There is no element of estoppel in the case, and we think plaintiff did not waive his lien upon the property by failing at that time to assert it. The case is different in principle from *Angell v. Johnson*, 51 Iowa, 625, cited and relied on by appellants. It was held in that case that the right to hold personal property exempt from execution is a mere personal right which is waived, if not asserted at the time the property is seized on execution. But the right which plaintiff is seeking to enforce in the action is an interest in the property itself, and a right of that character would not be waived by the failure to assert it at the time of the seizure, unless the party making the seizure was thereby misled, or induced to change his relation with reference to the property. There was no conflict in the evidence with reference to what occurred between the parties when defendants seized the property, and we think the court correctly held that plaintiff did not waive his lien upon it.

IV. It is insisted that the verdict is not sustained by the **4. VERDICT: evidence to support on appeal.** evidence; but we think otherwise. There was evidence from which the jury might fairly have found as they did; and, under the well-settled rule prevailing here, we cannot interfere with their finding.

AFFIRMED.