George W. McDonald, Appellant, v. Isaac Bice.

**Statute of Limitations Must Be Pleaded:** TRIAL OF MATTER NOT IN ISSUE: *When not waived*: Under Code, section 3629. providing that a defense showing matter of discharge or release, or which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded, the defense of the statute of limitations is deemed waived if not pleaded; and where, without being pleaded, the statute is submitted to the jury as a defense to a cause of action, and a verdict found for the defendant thereon, the judgment will be reversed, though the facts on which such plea might have been founded appear in the record, the parties not having agreed to to try any issue not in the pleadings.

DEFECT IN PLEADING: *Waiver*. Where a plea of the statute of limitations is not specific, but the answer has not been attacked, either by motion or demurrer, the objection to the plea on that ground, first made on appeal, comes too late, and should be overruled.

**Appeal:** STATING ISSUES TO JURY: *When no reversal for*. Where the trial court did not state the issues to the jury otherwise than by copying the pleadings in his charge, the judgment should not be reversed on that ground alone, though such practice has been condemned by the supreme court.

*Appeal from Linn District Court.*—Hon. W. G. Thompson, Judge.

Monday, January 21,1901.

The petition in this case is in three counts· The first claims damages for alienation of the affections of plaintiff's wife, the second is for the conversion of certain personal property, and the last makes another claim for damages on account of the seducing and debauching of plaintiff's wife. The answer is in general denial, with a plea of the statute of limitations against the matter set up in the first count of the petition. There was a trial to jury. Verdict and judgment in defendant's favor. Plaintiff appeals.—*Reversed.*

*Preston & Moffit* and *Rickel & Crocker* for appellant.

*Giffin & Voris* and *Smith & Smith* for appellee.

Waterman, J.—The first matter of complaint is that the trial court did not state the issues to the jury otherwise than by copying the pleadings in its charge. While this is the fact, and that manner of submitting a case to a jury has been condemned by this court (*Swanson v. Allen,* 108 Iowa, 419), yet we should hesitate to reverse on this ground alone. It may, perhaps, be that the facts are so stated in the pleadings as that no prejudice could have resulted to plaintiff from the method pursued. *Crawford v. Nolan,* 72 Iowa, 673· In view, however, of the retrial which we find must be had on another ground, we recommend that a different method be followed in stating the case to the jury.

II. It will be observed that the plea of the statute of limitations is interposed only against the matter set up in the first count of the petition. But the court submitted it as a defense to the causes of action set out in the second and third counts also, and in so doing was in error. Section 3629 of the Code is as follows: "Any defense showing that a contract, written or oral, or any instrument was delivered to a person as an escrow, or showing matter of justification, excuse, discharge or release, and any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded." The defense of the statute of limitations is an affirmative one. It is a confession and avoidance, and the burden of establishing it rests upon the pleader. *Harlin v. Stevenson,* 30 Iowa, 371; *Tredway v. McDonald,* 51 Iowa, 663. If not pleaded, it is to be deemed waived. *Robinson v. Allen,* 37 Iowa, 27. Counsel for appellee claim these authorities are not applicable under the Code. They say that when these actions were decided the statute in force at the time, being in one case section 2650 of the Code of

1873, and in the others section 2878 of the Revision of 1860, provided that, when any of the grounds of demurrer did not appear on the face of the petition, the objection might be taken by answer,*and if not so taken, it should be deemed waived;* and the italicized clause is omitted in the corresponding section (3563) of the present Code. We do not regard this change as being sufficient to justify the court in making a defense for a party which he did not see fit to make for himself. Furthermore, we think the cited cases are bottomed on section 2718, Code 1873, and section 2942, Revision 1860, each of which is identical with the present section 3629, which we have set out above. Neither do we think defendant is in any way aided because the facts upon which such a plea might have been founded appear in the record. This is not an instance in which the parties agree to try an issue not presented in the pleadings.

III. An objection is also made by appellant to the submission to the jury of the plea of the statute of limitations to the first count of the petition on the ground that it is not sufficiently specific. No attack was made upon this division of the answer, either by motion or demurrer. The objection comes too late. *Gunsel v. McDonnell,* 67 Iowa, 521.

Some other matters are pressed in argument, but, as they are not likely to again arise, it is unnecessary that anything further be said in relation to them. For the error mentioned the judgment is REVERSED.