COOKES *v.* LYMPERIS.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—EXCEPTION TO CHARGE.

But for the provisions of 3 Comp. Laws, § 10247, as amended (5 How. Stat. [2d Ed.] § 12960), exceptions would be essential to the review, on writ of error, of the trial court's instructions to the jury: under the express language of the statute error may be assigned on the charge without excepting to it.

2. PARTNERSHIP—ACTIONS—EQUITY AND LAW—JURISDICTION.

A single item of account between partners remaining unadjusted can be settled in an action at law.

3. SAME—COMPROMISE AND SETTLEMENT—DISSOLUTION.

On the purchase of one partner of the other's interest, the relationship became that of debtor and creditor, and neither was afterwards entitled to an accounting, and

upon the matter thus changed from a copartnership an action at law might be based.

4. SAME—WAGES—MASTER AND SERVANT.

Where the partners wound up their joint enterprise and one of them took over the business, agreeing to pay the other a part of the purchase price on the basis of the wages which the other might earn in a specified period, the action was properly brought at law: the term "wages" referring to a hiring; compensation to be paid by master to a servant by the day, week, etc., as the case might be.

Error to Wayne; Murphy, J. Submitted November 26, 1913. (Docket No. 173.) Decided December 20, 1913.

Assumpsit in justice's court by George Cookes against Lazeros Lymperis. From a judgment for plaintiff, defendant appealed to the circuit court, where judgment was rendered for plaintiff. Defendant brings error. Affirmed.

*William D. Ellsworth,* for appellant.

*McHugh, Gallagher, O'Neil & McGann,* for appellee.

STEERE, C. J. This case is between two former partners, wherein one, after dissolution of their partnership, brought an action to recover from the other "wages and damages" which he claims the other promised, at the time they closed their partnership relations, to pay. The action was commenced in justice's court, where a verdict and judgment were obtained against defendant for $400, from which he appealed to the circuit court of Wayne county, where, on trial by jury, a verdict and judgment were rendered against him in the sum of $300. He has now removed the case to this court by writ of error, on jurisdictional grounds, assigning error only on the charge of the court, relying, as counsel states in his

brief, on assignments of error 3 and 4, which are as follows:

"(3) That the court erred in assuming jurisdiction of the matters in controversy in the above-entitled cause.

"(4) That the court erred in submitting the matters in controversy in the above-entitled cause to the jury."

The facts are undisputed that in November, 1910, plaintiff and defendant entered into an oral contract of partnership, under which they opened, and for a time ran, a restaurant on Michigan avenue, in the city of Detroit, known as "The Star Restaurant." Plaintiff was a professional chef, and devoted his time and skill to the enterprise while connected with it, acting both as chef and manager, defendant being absent in Chicago during the early history of the business, joining plaintiff later, and assisting at the restaurant in some capacity not clearly shown by the record. Without going into details, it is sufficient to state that differences arose between the parties, resulting in a dissolution of their partnership on March 14, 1911, in which defendant bought plaintiff's interest. A written agreement was then prepared and signed by them, which is not set out at length in the record, but by stipulation of counsel shows that plaintiff—

"Sold, assigned, and transferred to Lazaros Lymperis all of the right, title, and interest in and to the goods, chattels, and utensils used in the running and operating of a restaurant at 272 Michigan avenue, said restaurant being known as the Star Restaurant."

Defendant then paid plaintiff $100, which plaintiff claims was simply for the goods, chattels, utensils, etc., connected with the business, it being expressly agreed in the contract of dissolution, which was oral except as above indicated, that defendant would also pay him a reasonable sum for "wages and damages." This is denied by defendant, who claims that the $100

paid was in full payment of all interest, of every kind, name, and nature, which plaintiff had in the partnership. This issue of fact was submitted to the jury by the court under appropriate instructions, the court holding, and so instructed the jury, that there could be no recovery for "damages" other than wages, and if they found in plaintiff's favor, their verdict must be confined to wages for services as chef during the period mentioned. There was abundant testimony for the jury as to the value of such services.

The record contains no objections or exceptions, made or taken during the trial, and nothing to disclose that the question of jurisdiction was raised in the trial court. Plaintiff's brief states that a motion for a new trial was denied, but the ground of the motion is not stated. The record is silent upon that subject. The case was tried on January 23, 1912. The declaration was upon the common counts in assumpsit, and the plea was the general issue, there being nothing in the pleadings to suggest want of jurisdiction. A verdict was then rendered, and judgment entered thereon as stated. The next step, as shown by the record, was a stipulation dated May 12, 1913, extending the time to issue a writ of error. On May 8, 1913, the defendant's counsel filed his assignments of error.

Plaintiff's counsel contend that defendant has no standing in this court, and the judgment should be affirmed, because the bill of exceptions contains no alleged errors based upon exceptions, and it is so thoroughly established that the court will not consider questions raised for the first time in the appellate court that citation of authorities is superfluous. As a general rule, this contention is sound. In the absence of statutory provisions, it would dispose of this case beyond a shadow of misgiving, but section 10247, 3 Comp. Laws, providing that exceptions to the charge are not necessary, amended in 1901 (Act

No. 52, Pub. Acts 1901), says that it is not necessary to except to the charge or refusal to charge—

"But any party aggrieved by any such charge, or refusal to charge, may assign errors upon such charge, or refusal to charge, in his assignments of error, the same as if exception had been made to such charge or refusal to charge."

The criticism of this statute found in *Just* v. *Porter,* 64 Mich. 568 (31 N. W. 444), seems to be fully justified by the situation disclosed in this record.

Irrespective, however, of the foregoing question, defendant's contention that the court was without jurisdiction to try the case, because plaintiff's claim grew out of partnership relations, and one partner cannot bring an action at law against another for such a claim, is not tenable under the facts admitted or in issue here. It stood undisputed that the previous partnership between the parties was dissolved, and all matters fully settled and satisfied, except plaintiff's claim for wages and damages. The court instructed the jury that there was no competent testimony for them to consider except wages. That was the one matter at issue. Plaintiff claimed a distinct contract that defendant would pay him, not for the partnership, but for himself, wages for his services, as a part of the purchase price of his interest in the business. This defendant denied, insisting everything was settled.

Where only a single item of account between partners remains unadjusted, it can be settled by an action at law. *Purvines* v. *Champion,* 67 Ill. 459; *Ryder* v. *Wilcox,* 103 Mass. 24; *Whetstone* v. *Shaw,* 70 Mo. 575; *Wheeler* v. *Arnold,* 30 Mich. 304. According to the testimony of both of these parties a new contract was entered into by which plaintiff closed out and transferred all his right, interest, and title in the business to defendant and simply became a creditor of the purchaser. Neither thereafter was entitled to

any accounting. The only matter unadjusted, if any, was a claimed item of the purchase price, the exact amount to be determined on the agreed basis of what wages plaintiff would have earned while working in the restaurant provided he had been paid wages.

"Where partners have seen fit to deal with each other without reference to the final accounting, the transaction is not subject to the necessity or delay of such an accounting." *Carpenter* v. *Greenop*, 74 Mich. 664 (42 N. W. 276, 4 L. R. A. 241, 16 Am. St. Rep. 662).

The rule which, under the circumstances of this case, determines the jurisdiction is succinctly stated in Mechem on Partnership, § 142, as follows:

"Generally, the partners may, by express agreement, transform a partnership transaction into the individual one of one of the partners, and upon matters thus separated from the partnership affairs an action at law may be maintained."

The whole partnership transaction here was by contract transferred to defendant, adjusted and closed between the parties, according to plaintiff's claim, except an item of deferred payment of the purchase price which was to be computed, not on any accounting, but on an agreed basis of wages in a certain employment for a certain length of time. "Wages" means a hiring; compensation given or to be given by a master or employer to a hired person or employee, by the hour, day, week, or month, the amount to be ascertained by agreement or the proven going rate or market value of the same at the time and place rendered.

We conclude the trial court properly submitted the issues of fact involved to the jury, and did not err in assuming jurisdiction of the matters in controversy.

The judgment is affirmed.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.