MAUDE BUCKLEY, appellant, v. ALBERTA DEEGAN, appellee.

No. 48234.

(Reported in 57 N.W.2d 196)

504

MARCH 10, 1953.

E. P. Murray, of Le Mars, for appellant.

James P. Kelley, of Le Mars, and Franklin E. Gill, of Sioux City, for appellee.

MULRONEY, J.—Maude Buckley sued her aunt, Alberta Deegan, claiming $4416 for services rendered to defendant at defendant's request, and for which defendant had agreed to pay. Among the defenses pleaded by defendant was the statute of limitations: "that the alleged cause of action set out in plaintiff's petition did not accrue within two (2) years next preceding the commencement of this action and same is barred by the statute of limitations." Upon defendant's application for separate adjudication of law points, the trial court held the action barred by section 614.1, paragraph 9, Code, 1950, providing a two-year period for bringing actions "founded on claims for wages or for a liability or penalty for failure to pay wages." Plaintiff appeals, asserting first that the court erred in applying rule 105, Rules of Civil Procedure, to the pleadings in this case.

I. The above rule provides the court "* * * must on application of either party, made after issues joined and before trial, separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case * * *."

As we understand plaintiff's argument, it is a contention that the above rule cannot be invoked where the facts are controverted or disputed and here defendant's answer also denied that she employed plaintiff and that most of the alleged services were performed. There is no merit in the argument. Under

rule 72, Rules of Civil Procedure, the answer can deny and still "raise points of law appearing on the face of the petition." The issue of the statute of limitations when directed solely to the allegations of the petition "presents nothing but a question of law." Roth v. Headlee, 238 Iowa 1340, 1347, 29 N.W.2d 923, 926. See also Statute of Limitations as a Pleading Problem in Iowa, 29 Iowa Law Review 591 at page 596.

II. The main question is whether plaintiff's petition showed on its face that it was barred by the statute of limitations. Plaintiff's argument is that the term "wages" in the statute means sums paid to menial, manual or mechanical laborers, and plaintiff's services were of a supervisory nature and on a higher plane and her claim is not a claim for "wages" within the meaning of the statute. As plaintiff states, we must take all well-pleaded facts in the petition, filed May 19, 1951, as true, so we will adopt the following statement of facts in plaintiff's brief which plaintiff states must be considered to see if the action is barred:

"Referring then to the petition of the plaintiff for the facts it will be necessary to consider as true that the defendant was a resident of Le Mars, Iowa, and that in December, 1946, she fell and broke her arm and then requested the plaintiff to come to her home and give her assistance, that the plaintiff took her to the hospital in Le Mars, Iowa, and on the following day took her to a hospital in Sioux City, where she remained until February 12, 1947. At the request of defendant the plaintiff secured nurses for her while in the Sioux City hospital and made four trips a week to the Sioux City hospital, at her request, while she was there. On February 12, 1947, the plaintiff took defendant from the Sioux City hospital to the Le Mars hospital where she remained until March 27, 1947, and that plaintiff, at defendant's request, made two or three trips to the hospital each day during this time to see the defendant, to secure nurses for her and to perform other tasks which required plaintiff to spend a lot of time out of her office. The defendant was taken from the Le Mars hospital on March 27, 1947, to her home in Le Mars and at the request of the defendant the plaintiff assumed the full responsibility for the running of the home of defendant,

including the hiring of help and nurses, purchasing groceries part of this time and making arrangements so that defendant received proper care and treatment. On six nights plaintiff had to take the place of the night nurse. This required plaintiff to make numerous trips to the home of defendant while she was confined there."

The petition shows on its face that it is for money due for services for a period of time from December 1946 to March 22, 1949. The petition was filed May 19, 1951, or more than two years, after the cause of action accrued. It is barred as a matter of law if it is a claim for wages or if the action is founded upon a liability for failure to pay wages. The trial court held it was citing the case of Roth v. Headlee, 238 Iowa 1340, 29 N.W.2d 923. There (page 1346), witnesses described the services performed for the decedent by the claimant in an estate as "doing just about everything * * * at [decedent's] 'beck and call every day.'" It included managing, selling and exchanging property, renting farms and collecting rents and other obligations, supervising farms and farm repairs, helping decedent down steps. We held the claim based on such services was an action "founded on a claim for wages which accrued not later than March 1, 1943, when it is alleged the last service was performed" (page 1347) and barred under the above statute of limitations.

We hold the trial court was right in his ruling. The case is ruled by Roth v. Headlee, supra.

In Reid v. Solar Corp., 69 F. Supp. 626, 632, 634, United States District Judge Graven had this limitation statute under consideration with respect to a claim for overtime compensation under the Fair Labor Standards Act, 29 U. S. C. A., sections 201 to 219. Judge Graven traces the legislative history and record of the Act (chapter 222, Acts 51st G.A.) and states there is nothing in the record or history "upon which to make a finding as to legislative intent * * * other than is expressed in the provisions of the Act itself." He goes on to state:

"Chapter 222 [section 614.1, paragraph 9, Code, 1950] is broad and inclusive. It applies to all actions for wages arising under state law whatever their origin * * *. Actions for the recovery of wages were numerous in the Iowa courts long before

the Fair Labor Standards Act was enacted. Cases seeking recovery of large sums for personal services against estates are of especially frequent occurrence in the Iowa courts."

It must be admitted that the claim for services made here is for the type of services frequently stated in claims against estates.

In Words and Phrases, Volume 44, beginning with page 491, there are some sixteen pages of excerpts from opinions defining the term "wages." A reading of these pages shows the word has no fixed definite meaning in law or common usage which would distinguish it in all cases from such words as "hire" or "salary."

In 67 C. J., Wages, 285, it is stated that "in ordinary language, and in its ordinary acceptation, the term is usually restricted to sums paid as hire or reward to artisans, mechanics, domestic or menial servants * * *." The same authority, page 284, states: "As generally defined, however, the term means compensation for labor or services * * *; compensation given to a hired person for his or her services * * *."

In Ford & Butterfield v. The St. L., K. & N.W. R. Co., 54 Iowa 723, 728, 7 N.W. 126, 128, we said: "The word *wages* means the compensation paid to a hired person for his services."

In Morris v. Hosmer, 182 Iowa 883, 886, 166 N.W. 295, 296, we said: "* * * salary is the equivalent of 'wages'."

Without deciding whether the services described in plaintiff's petition would fall in the class of menial or some higher plane, we hold the claim is for sums due for the same type of services barred as wages by our holding in Roth v. Headlee, supra, under this statute, and the trial court's ruling was correct.—Affirmed.

All JUSTICES concur.