Paul Cuthbertson, appellant, v. Harry C. Harter Post
No. 839 of Veterans of Foreign Wars of the
United States, appellee.

No. 48476.

(Reported in 65 N.W.2d 83)

June 15, 1954.

Roy L. Pell and Joe B. Tye, both of Marshalltown, for appellant.

Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellee.

WENNERSTRUM, J.—Plaintiff sought judgment on a claimed oral contract entered into with representatives of the defendant-organization. He claims as a result of this agreement he is entitled to ten per cent compensation based on the gross expenditures made in remodeling a building owned by the defendant. He also sought the confirming and establishing of a mechanic's lien against the building for the amount of his claim. In his original petition filed he sought an accounting, a judgment for the amount due with interest from and after March 15, 1947, and a foreclosure of a mechanic's lien. However, such a lien claiming $7177.89 was not filed until September 12, 1951. A copy of it was attached to an amended and substituted petition filed on September 15, 1951. The trial court found generally for the plaintiff but held his claim had been barred by the statute of limitations (section 614.1(9), 1950 Code) and dismissed his petition. He has appealed.

The filing of several amendments to plaintiff's petition with resulting counterpleadings on the part of the defendant, plaintiff's application to reopen the case after its original submission, and defendant's resistance thereto, the granting of the right

to reopen with the consequent change of pleadings, and the introduction of additional evidence have developed an involved situation.

Plaintiff is a general contractor and builder. The defendant is a corporation and is organized as Harry C. Harter Post No. 839, of the Veterans of Foreign Wars. Early in the year 1945 the plaintiff was employed by representatives of the defendant-corporation by oral contract to draw plans for the remodeling of a business building owned by the Post and formerly used as a garage and to personally work on it and to supervise the remodeling work. The defendant-organization proposed to convert the building into clubrooms for its members. As shown by the plaintiff's original petition and amendments thereto and later supporting evidence he was to be paid the regular wage of a carpenter based upon the number of hours he worked, and in addition he was to receive on completion of the work a further sum equal to ten per cent of the cost of all labor and materials for his services as architect and general supervisor of the improvements. There was excepted from the agreement the cost of labor and materials in connection with the electrical work, plumbing and the installation of an air conditioning unit.

The work was commenced in 1945 and dedicatory ceremonies were held in 1946. Plaintiff in his testimony during the original submission testified the work for which he claimed a ten per cent compensation was completed in March 1947. However, it is plaintiff's claim as shown by his amendment to the original petition there was additional work done at the request of the defendant during the years 1948 and 1949 by reason of the changing of a card room from the second floor to the first floor. There is ample showing, upon which the court could and apparently did find, the total cost of the improvements, including the items for work done in 1948 and 1949, amounted to $65,-184.50. This amount is based in part upon the testimony of Glen Warden, an auditor. The court found there was due plaintiff, according to the contract, the sum of $6518.45.

Inasmuch as this action must be determined on the basis of the plaintiff's original petition as well as his several amend-

ments we should give consideration to his respective claims. This is particularly true in the light of the present claim of the defendant that the plaintiff's action is barred by the statute of limitations previously mentioned. It is repeatedly asserted in the original petition and the amendments thereto that the plaintiff's claim for compensation was for his services rendered and that he was to be paid a regular wage of a carpenter and was also to receive a further sum of ten per cent of the cost of the labor and materials that went into the improvements for his supervisory services. In plaintiff's original testimony he stated, "* * * I was to furnish my contracting equipment and the 10% was to be my commission over and above regular wages as a carpenter * * *."

The record disclosed he was paid on March 15, 1947, and April 15, 1947, for work done through these dates as a carpenter. It is also shown that he was paid about April 24, 1948, and March 4, 1949, for carpenter work. There is testimony of other witnesses concerning these several payments. It is thus shown that plaintiff has been paid wages for all the carpenter work he did.

It is of interest to note the trial commenced on April 14, 1952, and was originally submitted April 17, 1952. On April 26, 1952, plaintiff filed a motion to reopen the case for further testimony. The defendant filed a resistance to the motion and later an amendment thereto. Plaintiff thereafter filed an amendment to his motion to reopen the case. The court sustained plaintiff's motion to reopen the case and set aside the original submission. On April 17, 1953, plaintiff filed an amendment to his amended and substituted petition. A motion to strike this last amendment was submitted and overruled and on April 21 and 22, 1953, additional evidence was introduced. The cause was again submitted on the last named date.

Apparently as the result of arguments presented at the time of the original submission the later proceeding developed. Plaintiff testified at the time the case was reopened concerning the work for which the checks were given him on April 24, 1948, and March 4, 1949. There was also testimony of other witnesses relative to the changes for which plaintiff was compensated.

926

As hereinafter noted one of the grounds for reversal is the claim the statute of limitations was not properly pleaded. In this connection it should be noted the defendant in its original answer stated, "* * * that plaintiff's petition upon its face fails to state a cause of action * * *." And in its answer to the amended and substituted petition defendant pleaded "* * * that the purported mechanic's lien * * * is no proper or lawful lien and without any force and effect * * *." And the defendant in an amendment to its answer which was filed on April 4, 1952, further stated "* * * and while admitting that the plaintiff did certain work on its building, which was completed on the 15th day of March, 1947 as alleged * * * the plaintiff commenced the instant cause of action on November 3, 1950, but plaintiff has failed to state any cause of or for action and any such claimed contract or mechanic's lien is invalid, without force or effect, and void and the plaintiff is barred from recovery therefor."

It is further shown the plaintiff in a reply to the foregoing answer pleaded that he "* * * denies that, as plaintiff, he has failed to state any cause of action, and denies that the plaintiff's claimed contract or mechanic's lien is invalid, without force or effect and void, and further denies that his cause of action is barred."

In the motion to reopen the case filed on April 26, 1952, the plaintiff stated that in connection with oral arguments at the close of the testimony defendant's counsel for the first time presented the defense of the statute of limitations and it was further alleged that there had been no prior definite and written allegation of this defense in any pleadings. It was not until November 5, 1952, that the defendant in an amendment to the resistance to the reopening of the case, first definitely presented the defense of the statute of limitations when it was stated in part: "That regardless of plaintiff's claims and demands, as set forth in his application, the plaintiff's cause of action is barred by the statute of limitations, all as pleaded and argued upon original submission in this cause * * *."

However, in the amendment to the defendant's amended answer, filed April 21, 1953, there is no reference to the statute

of limitations. This was the last defensive pleading filed. It will thus appear that only in connection with the resistance to the reopening of the case did the defendant make any definite reference to the statute of limitations. And this pleading could not, by any liberal interpretation, be considered a defensive pleading.

The court in its decision found the plaintiff had established his claim for ten per cent of the cost of the improvements and is entitled to the relief asked. However, it held that although the defendant had not specifically pleaded the statute of limitations, section 614.1(9), yet when the plaintiff in his reply to the defendant's amendment to its answer alleged that the action was not barred he waived the specific pleading of the limitation statute. The trial court also found the plaintiff had not represented himself to be an architect, as originally pleaded in his petition, and found against the defendant on this pleaded defense. It should be stated that by his last amendment to his petition the plaintiff changed his original claim relative to his services as an architect. His testimony, as well as that of some of the witnesses, was somewhat changed and modified relative to his claim he was to perform services as an architect.

It is the plaintiff's claim the trial court erred in its finding that the action of the plaintiff was barred by the statute of limitations which precludes an action for recovery of wages after two years. Section 614.1(9), 1950 Code. In connection with this plea there were other claimed errors of a kindred nature and particularly that the court erred in holding there was a proper pleading of the statute of limitations.

I. Plaintiff sought to limit his appeal to the applicability of the statute of limitations pertaining to the recovery of wages. Section 614.1(9), 1950 Code. This is an equity action triable de novo and we shall review the entire case. When the record was being prepared for this appeal a proceeding was had in the trial court relative to the extent of our review and at that time the court ruled the appeal should be a general one. We agree with the trial court.

II. We have heretofore referred to the fact that plaintiff claims the statute of limitations was not properly pleaded. We

928

have noted that plaintiff in his reply stated his action was not barred. This statement was in reply to the allegation made on April 4, 1952, in defendant's answer to the amended and substituted petition wherein it pleaded in part: "* * * and any such claimed contract or mechanic's lien is invalid, without force or effect, and void and the plaintiff is barred from recovery therefor." This is the first and only time the defendant made reference to the fact that plaintiff's action was barred in any manner. It will be observed no reference was made to the fact the action was barred by reason of a statute of limitations.

Rule 101, R. C. P., is as follows: "Any defense that a contract or writing sued on is void or voidable, * * * or which alleges any matter in justification, excuse, release or discharge, or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded." In I Cook's Iowa Rules of Civil Procedure, page 642, it is stated that the heretofore quoted rule is not thought to change the prior statute. Consequently our earlier cases will be applicable to our consideration of the question whether there was a sufficient pleading of the statute of limitations.

█ We have heretofore held that a party relying upon the statute of limitations as a defense must specifically plead that fact and he must also show the facts constituting the bar. A failure to plead a limitation statute operates as a waiver of this defense. Lawrence v. Melvin, 202 Iowa 866, 868, 211 N.W. 410, and cited cases. See also McDonald v. Bice, 113 Iowa 44, 45, 84 N.W. 985; Swan Lake Consolidated Sch. Dist. v. Consolidated Sch. Dist. of Dolliver, 244 Iowa 1269, 1279, 58 N.W.2d 349, 354.

We have also held the bar of the statute relative to a statute of limitations must be made an issue and in failing to do so that defense is waived. Borghart v. Cedar Rapids, 126 Iowa 313, 317, 101 N.W. 1120, 68 L. R. A. 306. Inasmuch as the plea of the statute of limitations is an affirmative defense, the burden is upon the one so pleading to establish it by proof. Conklin v. Towne, 204 Iowa 916, 918, 216 N.W. 264.

██ As heretofore noted the pleadings and proceedings in this case became very much involved. Despite this situation it is quite apparent that the plaintiff in seeking to reopen the case

and after the original submission was set aside endeavored to meet the issue of the two-year statute of limitations pertaining to actions for the recovery of wages. We might hold this issue was not properly pleaded but inasmuch as the plaintiff sought to meet it we are disposed to hold it was made an issue by his action. We have held where a party consents to try an issue it is therefore rightfully in the case. We so held in Wilson v. Corbin, 241 Iowa 593, 605, 41 N.W.2d 702, 709, and cited cases. See also Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 648, 51 N.W.2d 400.

We cannot close this phase of the case without expressing our disapproval of the defendant's evasive effort to plead the statute of limitations and then seek to have the case decided on that issue after the plaintiff sought to meet it. It should be kept in mind it was first presented in argument on the original submission. The issues of a lawsuit should be presented in an open and forthright manner. There is no justification for a pleading by innuendo in our procedure.

III. We have heretofore given ample consideration to the question whether the defendant properly pleaded the statute of limitations relative to the recovery of wages. We have done so inasmuch as both the plaintiff and the defendant have given particular consideration to this issue in their briefs and arguments. This issue is really not a determinative one in the case. There is no doubt the plaintiff has been paid in full for the work he did as a carpenter and the remaining question is whether the plaintiff is entitled to compensation on the basis of ten per cent of the total cost of the improvements. There was no evidence presented by the defendant which in any way controverted this arrangement. Under the circumstances then, we are left with the sole question whether the ten per cent contract for supervisory services can in any way be construed as a contract for wages. We do not believe that such an arrangement can be so interpreted.

"The word wages means the compensation paid to a hired person for his services." Ford & Butterfield v. The St. L., K. & N. W. R. Co., 54 Iowa 723, 728, 7 N.W. 126, 128. See also Buckley v. Deegan, 244 Iowa 503, 507, 57 N.W.2d 196, 198.

In Cookes v. Lymperis, 178 Mich. 299, 144 N.W. 514, 515, the Michigan court commented on the fact that "wages" means a hiring with the payment of compensation to an employee on the basis of an agreed amount by the hour, day, week or month. And in Pickett v. Union Terminal Co., D. C. Texas, 33 F. Supp. 244, 249, "wages" is defined as the amount paid for labor for an individual's services and has particular reference to compensation for work of a manual, mechanical or menial kind. There are many other authorities which might be cited with a similar holding.

It is our conclusion that the contract arrangement the plaintiff had with the defendant for compensation for his supervisory services and the use of his contracting equipment cannot be construed as a contract for the payment of wages. In the first place there was no arrangement for periodic payments, the contemplated compensation was to be made at the conclusion of the work, and was to be on a percentage basis and the services contemplated were of a supervisory kind and were not of a manual or menial nature. Consequently the statute of limitations relative to actions for the recovery of wages, section 614.1(9), 1950 Code, is not applicable.

IV. Upon a review of the entire record we are convinced that the plaintiff is entitled to a decree against the defendant and for the entering of a judgment for the amount found by the trial court to be due the plaintiff. And in this connection it should be stated that the defendant introduced no evidence denying the terms of the contract. The cause is reversed and remanded for a decree and judgment in conformity with this opinion.—Reversed with directions.

BLISS, C. J., and OLIVER, GARFIELD, SMITH, HAYS, THOMPSON, and LARSON, JJ., concur.

MULRONEY, J., concurs in result.