V. B. HAMILTON, appellee, v. LYLE WOSEPKA et al., appellants.

No. 51101.

(Reported in 124 N.W.2d 512.)

NOVEMBER 12, 1963.

Hobson & Cady, of Hampton, for appellants.

Hagemann & Hagemann, of Waverly, and Linnan, Lynch & Straub, of Algona, for appellee.

HAYS, J.—This is a law action. Defendants filed a motion to dismiss plaintiff's petition, contending that the alleged cause of action was barred by the statute of limitations, section 614.1(9) of the Code. The trial court overruled the motion. Right to appeal was granted as authorized by rule 332, R. C. P.

The facts as gathered from the petition are: Since 1954 plaintiff, a stockholder in the Farmers Hybrid Seed Corn Company and in the Farmers Hybrid Hogs, both Iowa corporations, was employed by said companies as president with an annual salary of $15,000. During said time prior to May 20, 1959, defendants were employed by said corporations. As of May 20, 1959, Lyle Wosepka was secretary and assistant in sales at an annual salary of $7000; Nick Pronk was vice president and sales manager at an annual salary of $10,000; Wilbur Chandler was assistant treasurer and manager of service department at an annual salary of $10,000. On April 20, 1959, plaintiff gave defendants an option to purchase 730 shares of stock in each of said corporations under certain stated terms and conditions. This option was exercised by defendants on May 18, 1959, and at said time a written agreement setting out the terms and conditions of said purchase was executed by the parties, which is Exhibit "B" and is attached to the petition.

This agreement provides that it be filed with the secretary of said corporations. It states that 730 shares of stock in each of the companies is purchased by defendants for $65,000, $15,000 of which is paid at time of agreement. The balance is secured by a collateral promissory note signed by defendants and payable to the plaintiff in annual payments of $5000. During

life of the note the shares of stock are held by plaintiff as collateral. Paragraph 4 of said agreement is as follows: "The Party of the First Part [plaintiff] shall remain a member of the Board of Directors and President of the above named companies at a guaranteed salary of $15,000.00 per year, said salary to be increased or decreased in proportion to the increase or decrease of the salary or salaries of Lyle Wosepka, Nick Pronk and Wilbur Chandler, and said employment shall continue at least as long as any of the indebtedness for the purchase price of said stock exists. In the event there are any bonuses paid to the Parties of the Second Part or to the management, the Party of the First Part will not participate in said bonus."

The petition further alleges that plaintiff continued in the employment of the companies until November 1, 1962; that the indebtedness provided for in said contract for sale of the stock was satisfied on September 1, 1962; that on June 19, 1959, the two corporations by a vote of the directors, defendants being the majority shareholders, increased the salary of Wosepka from $7000 to $15,000 per year, of Pronk and Chandler, each to $15,000 per year which has so continued since July 1, 1959; the salary of the plaintiff was not increased as provided in said agreement, Exhibit "B". Judgment is asked against the defendants and each of them in the amount of $33,333.33 with interest from November 1, 1962. Defendants' motion to dismiss alleges, among other things, that the petition shows that it is an action founded on a claim for wages or for liability or penalty for failure to pay wages and is barred by section 614.1(9), Code of Iowa, the cause of action arising on June 19, 1959, when plaintiff's wages were not raised. It is also urged that the action is barred by the statute of limitations as against the principal debtor, namely, the corporations, and is barred against the defendants who are guarantors. As above stated, the motion to dismiss was overruled.

I. Section 614.1(9), Code of Iowa, provides: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * 6. Written contracts * * *. Those founded on written contracts * * * within ten years. * * * 9. Wages.

Those founded on claims for wages or for a liability or penalty for failure to pay wages, within two years."

Appellants contend the case is governed by section 614.1(9) and the trial court held it is governed by section 614.1(6). We agree with the trial court.

Both parties devote considerable time to the question as to what constitutes "wages" within the purview of section 614.1(9). While wages and salary are frequently used as synonymous terms, the authorities distinguish between them. 92 C. J. S., Wages, page 1036, defines wages as "compensation or reward agreed upon by the master to be paid to a servant or to any other person hired to do business for him"; 35 Am. Jur., Master and Servant, section 63, defines wages and distinguishes between wages and salary. It states, "The term 'wages', as distinguished from 'salary', applies to the compensation for manual labor, skilled or unskilled, paid at stated times, and measured by the day, week, month or season, while 'salary' denotes a higher degree of employment, or a superior grade of services, and implies a position or office." See also Buckley v. Deegan, 244 Iowa 503, 57 N.W.2d 196; Cuthbertson v. Harry C. Harter Post No. 839, 245 Iowa 922, 65 N.W.2d 83. By no stretch of the imagination can the agreement to pay plaintiff, as found in paragraph 4 of the contract, supra, be deemed to be wages within the above mentioned definitions. The terms of the agreement make it clear that plaintiff's employers are the two corporations and yet no agreement with them, express or implied, exists. The agreement is unquestionably a personal agreement between plaintiff and the defendants as part of a contract to purchase shares of stock in the corporations.

Appellants contend that the principals in the agreement, though not parties thereto, were the corporations, with the defendants being mere guarantors; that the corporations were in fact the employers. To this we say no. Defendants may have been and in fact were majority stockholders in the corporation. They might well have had the agreement ratified or approved by the corporations with the consent of the plaintiff, in which case there might be some merit to the claim of being guarantors. This they did not do but acting as individuals they entered into

the agreement, presumably and clearly for their own special benefit as distinguished from the corporations'. The case is, as the trial court held, governed by the rule announced in Randolph Foods, Inc., v. McLaughlin, 253 Iowa 1258, 115 N.W.2d 868. We see no reason for departing therefrom.—Affirmed.

All JUSTICES concur.