In Re Statement of Consent by Certain Voters in the City
of Atlantic to the Sale of Intoxicating Liquors in
said City, under Chapter 6, Title 12 of the
Code of 1897, *et al.,* JOHN HUD-
SPETH, Appellants.

**Mulct Law Consent:** POPULATION OF CITIES: *Best evidence.* In pro-
ceedings under Code, sections 2448, 2450, providing for the licens-
ing of saloons in cities of 5,000 or more inhabitants, upon the
petition or statement of consent by a majority of the people of
the city, the official register of the state is conclusive evidence as
to the number of inhabitants in the city for which the petition is
filed.

*Appeal from Cass District Court.*—HON. W. R. GREEN,
Judge.

SATURDAY, MAY 13, 1899.

THIS case is before us on appeal, by the parties filing
the statement of consent, from the judgment of the district
court, "that the said petition and statement of general con-
sent is, and the same is adjudged, insufficient," and for costs
against appellants.—*Affirmed.*

*Henry Vollmer* and *John Hudspeth* for appellants.

*John W. Scott, Frank Temple, J. B. Bruff,* and *C. A.
Meredith,* County Attorney, for appellees.

GIVEN, J.—This proceeding is under sections 2448 and
2450 of the Code, and is upon the basis that in September,
1897, the city of Atlantic was a city of five thousand or more
inhabitants. If this were true, then, so far as we are called
upon to consider it, the statement of consent was sufficient,
and should have been sustained. Remonstrances were filed
by a large number of citizens upon the ground, among others,

that Atlantic was not a city of five thousand or more inhabitants. The only evidence introduced to sustain the claim of the appellants was a census taken in September, 1897, by three citizens, under authority of a resolution passed by the city council. These citizens reported, under oath, that: "We found five thousand and twenty-two people living at Atlantic, Iowa, at the time of that enumeration." Appellees introduced in evidence the Iowa Official Register for the year 1897, together with a certificate of the secretary of state, in so far as it relates to the number of inhabitants of the city of Atlantic according to the last state census. This evidence shows that according to the census of 1895 the inhabitants of said city number four thousand nine hundred and fifty, and it is insisted by appellees that this evidence is controlling. Chapter 8, title 2, of the Code, after providing for taking the census, provides that the executive council shall cause abstracts or compilations of said census to be prepared and recorded by the secretary of state. Section 176 is as follows: "Population to be Published in Official Register. It shall be the duty of the secretary of state to publish in the Iowa Official Register the population of counties, cities and towns as shown by the last census, either state or national, and when the printing is completed the secretary of state shall certify that the same includes the census publication required by law, and such certificate, with the date and signature, shall be printed on the page following the title page thereof." Section 177: "Such Publication to be Evidence. Whenever in this Code the population of any county, city or town is referred to, it shall be determined by the publication above provided for as of the date of said certificate, and such census publication shall be evidence of all matters therein contained, and of said certificate thereto." It will be observed that the word "population" is used in these sections, while in section 2448 the word "inhabitants" is used, and in section 2449 we find the word "population." It is

entirely clear that these words are used in the same sense in these sections, and that whenever the number of inhabitants or population of counties, cities, or towns is to be determined, the last census, as shown by the Official Register, must control, so far as the proceedings under consideration are concerned. Whatever the right of the cities and towns may be as to taking enumerations of their inhabitants, we think that a proceeding like this may not be based upon such an enumeration. To so hold would lead to frequent contests as to such enumerations, and defeat what we think is the plain purpose of the statute, namely, that proceedings like this must be based upon the last census. It is undisputed that according to the last census, as shown by the Iowa Official Register, the city of Atlantic was not a city of five thousand or more inhabitants, and therefore we conclude that neither the board of supervisors nor district court erred in holding that the statement of consent was insufficient.— AFFIRMED.