WILLIAM B. GREENOUGH, Attorney General, *ex rel., vs.* TOWN COUNCIL OF THE TOWN OF NARRAGANSETT.

JANUARY 13, 1909.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Intoxicating Liquors. Basis of Computation. Census.*

Chapter 1583, § 2, Public Laws of 1908, contains the following proviso: "Provided that the number of licenses granted (not including druggists' liquor licenses) shall not exceed—one for each five hundred inhabitants as determined by the last census taken under the authority of the United States or of the state of Rhode Island":—

*Held,* that it was the intent of the act that the latest enumeration made, whether under national or State authority, should be used as the basis of computation.

*Held,* further, that it was therefore necessary that the town council of a town in granting licenses should take the State census as of June 1, 1905, as the basis of determining the number of licenses which could be lawfully granted in that town.

(2) *State Census. Census Board. Approval of Census.*

Where it appears that the State census was duly reported to the legislature by the commissioner of industrial statistics, and was printed as a part of his annual report, and the same census of population was printed in a census bulletin for general distribution, wherein it was stated that it was compiled

from a correct and final count of the enumerators' returns as of June 1, 1905, in the absence of any provision of law requiring any formal action by the census board or legislature, or any action as to approval or acceptance, it is to be presumed that the board approved the census as reported and that the legislature, in receiving the same and causing it to be printed as part of an official report, also approved it.

(3)  *Intoxicating Liquors.  Licenses, when Granted and when to take Effect.*

Where a town council granted licenses November 16, 1908, for the "year ending December 1, 1909," its action was in legal effect a grant on December 1, 1908, to expire the first day of December next succeeding the granting of the same in compliance with the terms of the statute.

CERTIORARI.  Heard on petition for writ, and granted.

PARKHURST, J.  This is a petition for a writ of *certiorari*, brought to this court by virtue of the provisions of chapter 1, section 2, of the Court and Practice Act, to review certain proceedings of the town council of the town of Narragansett, in granting licenses to sell intoxicating liquors, under the provisions of chapter 1583 of the Public Laws, amending chapter 102 of the General Laws.

The said town council, on November 16, 1908, granted three licenses to sell intoxicating liquors at retail, to wit, to Mervin A. Webster, The Sherry Casino Company, and to William H. Wooley, said licenses being granted "for the year ending December 1, 1909."

Section 2 of chapter 1583 of the Public Laws, giving power to town councils and boards of commissioners to grant licenses, contains the following proviso:

(1)  "Provided, that the number of licenses granted (not including druggists' liquor licenses) shall not exceed, in the several cities and towns of the state, one for each five hundred inhabitants as determined by the last census taken under the authority of the United States or the state of Rhode Island."

At the time of granting of said licenses the last census taken under the authority of the United States was in 1900, and shows the population of the town of Narragansett to have been, at that date, 1,523.  The last census taken under the authority of the State of Rhode Island was taken in 1905, and

shows the population of the town of Narragansett to have been, at that date, 1,469.

All three of said licenses were granted at the same meeting of the town council, each by a separate vote, in the order in which they are mentioned above.

The questions raised are:

"1.   Does the language of section 2 of chapter 1583 of the Public Laws, to wit, 'last census taken under the authority of the United States or the state of Rhode Island' authorize the use by the licensing board of either census at its pleasure?

"2.   May a town council grant a license to expire at any other time than the first day of December next succeeding the granting thereof?".

The respondents contend that there is no evidence that any legal census of Rhode Island was taken in 1905; that there is no record of approval of such census by the "census board," consisting of "the governor, the secretary of state, and the commissioner of industrial statistics;" or of the proper submission of the census of 1905 to the General Assembly, or of its acceptance and approval thereof; and that, therefore, the respondents were justified in using the last census (1900) taken under the authority of the United States as their basis of computation.

(2)   We can not agree with this contention. It appears before us that the State census of 1905, so far as it relates to the population of the State (with which we are alone concerned), was duly reported to the General Assembly by the Commissioner of Industrial Statistics—who is, by cap. 69, § 3, Gen. Laws, 1896, made "superintendent of the census"—at the January session, 1906, through Governor George H. Utter, and was printed by the State printers in 1906 as a part of the "Nineteenth Annual Report of the Commissioner of Industrial Statistics, made to the General Assembly at its January Session, 1906." It also appears that the same census of population was printed by the superintendent of the census, in a census bulletin, for general distribution, under date of November 16, 1905; and it is therein stated that "It is compiled from a correct and final count of the enumerators' returns as of June 1, 1905." In

the absence of any provision of law requiring any formal action by the board, or by the Assembly, or any action whatever as to approval or acceptance, it is to be presumed that all the members of the census board approved the census as above reported, and that the General Assembly, by its action in receiving the same and causing it to be printed and published as part of an official report, also approved the same.

It is to be noted that the only provision as to a report to the General Assembly is contained in section 4 of chapter 69, Gen. Laws, 1896, as follows: "The superintendent of the census shall also superintend the taking of the census and receive the returns when completed. He shall also make up the tables from the returns and prepare and present to the general assembly a report on the census, showing the information obtained and its application to the promotion of the interests of the state." This duty was performed by the superintendent as above indicated, so far as it related to population, and the information was thereafter available to all persons having occasion to refer to the same.

We have no doubt that it was the plain intent of the act in question to refer to "the *last* census taken," whether it was taken under the authority of the United States or under the authority of the State of Rhode Island, so as to give as a basis of computation the latest enumeration made, whether under national or State authority.

As to the first question raised, therefore, we are of the opinion that it was necessary for the town council of the town of Narragansett to take the census of Rhode Island as of June 1, 1905, as the basis of determining the number of licenses which could be lawfully granted in that town.

The population of Narragansett as therein shown appears to be 1,469. As this was the last census taken under the authority referred to in the proviso above quoted, that number must control the action of the town council in issuing licenses under said statute. As the number of licenses granted (not including druggists' liquor licenses) shall not exceed one for each five hundred inhabitants as determined by the last census, the town council of the town of Narragansett had no authority

to grant more than two such licenses for the sale of liquors in said town. It therefore follows that the last of the three licenses by them granted, to wit, that granted to William H. Wooley, was unauthorized and void.

(3)     As to the second question raised, although the action of the town council was taken November 16, 1908, granting the licenses in question, it is evident that the licenses were to take effect, and could only take effect, on and after December 1, 1908, because the law, chapter 1583, under which the licenses are granted only went into effect December 1, 1908, and because the express words of the vote granting the licenses are, "for the year ending December 1, 1909."

We think this action was in legal effect a grant of licenses on December 1, 1908, to expire on the first day of December next succeeding the granting of the same, and was in compliance with the language of the statute, viz.:

"Whenever any license for the sale of spirituous or intoxicating liquors shall be granted, the same shall be granted to expire on the first day of December next succeeding the granting of the same."

The writ of *certiorari* will accordingly issue to said town council, commanding them to certify the record relative to the proceedings in granting the said license to William H. Wooley, in order that the same may be quashed.