STATE OF IOWA EX REL. C. B. HILFIKER et al., Appellant, v. G. M. SEATON et al., Appellees.

**STATUTES:** Construction—"Population." Paragraph 26 of Sec. 48,
1   Code, 1897, provides a statutory rule of construction for the term "population," while Sec. 177-c, Code Supp., 1913, provides a rule of evidence. It follows that the enactment of the latter did not repeal the former.

**STATUTES:** Construction—"Population." The term "population,"
2   when employed in a statute, conclusively means the same as though the clause *"as shown by the last preceding state or national census"* were written thereafter. (Sec. 48, Par. 26, Code, 1897.) So held as to Sec. 2794-a, Code Suppl. Supp., 1915, as amended, relating to the organization of consolidated independent school districts.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Popu-
3   lation of City or Town. Holding reaffirmed that, in the provision of Sec. 2794-a, Code Suppl. Supp., 1915, as amended by Ch. 149, 38 G. A., "when it is proposed to include in such district a school corporation containing a city, town or village *with a population of 200 or more inhabitants,*" the italicized clause modifies "city, town or village," and not "corporation."

*Appeal from Iowa District Court.*—RALPH OTTO, Judge.

MARCH 15, 1921.

PROCEEDINGS in quo warranto to determine the legality of the organization of the consolidated independent school district of Millersburg, Iowa County. Relators appeal from the ruling of the court below, sustaining a demurrer to the petition.— *Affirmed.*

*W. E. Wallace,* for appellant.

*Stapleton & Stapleton,* for appellees.

STEVENS, J.—I. At an election held on the 30th day of August, 1919, by the electors of the consolidated independent school district of Millersburg, the defendants were elected members of the board of directors. The legality of the organization of this school corporation is assailed by plaintiffs upon various grounds, but upon the principal ground that separate ballot boxes were not provided at the election held for the organization of said district, for the electors residing within a school corporation included within the boundaries of said district containing the incorporated town of Millersburg, which, it is alleged, according to the last preceding state census contained a population of 197, and at the time of said election, a population in excess of 200 inhabitants; and also for those residing outside of the limits thereof.

1. STATUTES: construction: "population."

The demurrer, among other grounds, challenges the sufficiency of the allegations of plaintiffs' petition to state a cause of action, for the reason that Subdivision 26, Section 48, of the Code of 1897, and Section 177-c, Supplement to the Code, 1913, require that the population of incorporated cities and towns be determined by and according to the population shown by the last preceding state or national census, and that it appears upon the face of plaintiffs' petition that the population of Millersburg, as shown thereby, was less than 200.

Subdivision 26, Section 48, of the Code of 1897, defines the word "population," where used in the Code, and is as follows:

"The word 'population,' where used in this Code or any statute hereafter passed, shall be taken to be that as shown by the last preceding state or national census, unless otherwise specially provided."

Section 177-c of the Supplement to the Code, 1913, is a part of Chapter 8, Title II, relating to the census, and, so far as material to the matters involved in this controversy, is as follows:

"Wherever in the Code, or any Supplement to the Code or any copy of the session laws prior to this date, the population of any county, city or town is referred to, it shall be determined by the last certified, or certified and published, official census, whether the same be state or national."

Section 48 of the Code of 1897 corresponds with Section 29 of the Revision of 1860 and Section 45 of the Code of 1873, but Subdivision 26 of Section 48 and Section 177 first appeared in the Code of 1897. Section 177, as it appears in the Code of 1897, is a part of Chapter 8, Title II, which was repealed by Chapter 8, Acts of the Thirtieth General Assembly. Section 8 of said Chapter 8, Acts of the Thirtieth General Assembly, is as follows:

"Wherever in the Code or the Supplement to the Code, the population of any county, city or town is referred to, it shall be determined by the publication above provided for as of the date of said certificate, and such census publication shall be evidence of all matters therein contained, and of said certificate thereto."

Chapter 8, Acts of the Thirtieth General Assembly, was amended by Chapter 3, Acts of the Thirty-fourth General Assembly, which repealed all acts or parts of acts in conflict therewith. Chapter 3, Acts of the Thirty-fourth General Assembly, appears as Section 177-c of the Supplement to the Code.

Section 48 of the Code of 1897 enacts certain rules to be observed in the construction of statutes, and is as follows:

"In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute   *   *   *"

Section 177 of the Code appears in the chapter relating to the census. Therefore, in the construction of statutes, the word "population" must be taken to refer to the number of inhabitants as shown by the last preceding state or national census, unless it is otherwise specially provided therein. Subdivision 26 of Section 48 of the Code and Section 177-c of the Supple-

ment do not relate to the same matter. The former, as stated, defines the meaning of the word "population" as it is to be applied in the construction of statutes; whereas the portion of Section 177-c quoted provides that the population of any city, county, or town shall be determined by the last certified, or certified and published, official census, whether the same be state or national. One relates to the construction of statutes, and the other creates a rule of evidence. They are not in any sense in conflict, and Subdivision 26, Section 48, was not repealed by implication by either Chapter 8, Acts of the Thirtieth General Assembly, or Chapter 3, Acts of the Thirty-fourth General Assembly.

The question here presented is controlled by our holding in *In re Sale of Intoxicating Liquors,* 108 Iowa 368. To the same effect, see *Greenough v. Town Council of Town of Narragansett,* 29 R. I. 380 (71 Atl. 594). There is nothing in Chapter 149, Acts of the Thirty-eighth General Assembly, modifying Subdivision 26 of Section 48 or Section 177-c of the Supplement, or providing a different rule for determining the population of towns and villages. It follows, therefore, that, unless the provisions of the statutes cited are unconstitutional, as contended by counsel for appellant, the ruling of the court below upon this point must be sustained.

2. Statutes: construction: "population."

Counsel for relators cites authorities to the point that the legislature is without constitutional authority to enact rules of evidence and to make them conclusive upon one of the parties litigant, and therefore contend that, if the statutes quoted are given the interpretation evidently adopted by the court below, relators will be deprived of their day in court, and of the opportunity to vindicate their rights by a trial in accordance with the law of the land. Counsel in this contention apparently overlooks the decisive point in the case. The question, as presented by relators, is not whether the "last certified or certified and published census" shall be treated as conclusive evidence of the population of Millersburg, or as prima-facie evidence only, but whether the population of said town, as shown by the official census, or the population as found by actual count at the time of the commencement of the proceedings for the organization of the consolidated independent district, was intended by Chap-

ter 149, Acts of the Thirty-eighth General Assembly. It is not claimed by relators that the showing of population in the last official census, which the petition alleges was 197, is not correct, but that the population at the time of the commencement of the proceedings for the organization of the district exceeded 200. The question was settled adversely to the contention of relators in *In re Sale of Intoxicating Liquors*, supra, and it is unnecessary to add anything to what was there said. No constitutional question is involved.

II.   Chapter 149, Acts of the Thirty-eighth General Assembly, provides:

3. SCHOOLS AND SOHOOL DIS- TRICTS: con- solidated dis- tricts: popula- tion of city or town.

"When it is proposed to include in such district a school corporation containing a city, town or village with a population of two hundred or more inhabitants, the voters residing upon the territory outside the limits of said school corporation shall vote separately upon the proposition to create such new district."

Counsel for relators insist that this statute should be construed so as to make the population of the school corporation containing a city, town, or village determinative, and not the population of the city, town, or village. The language of the above enactment is plain, certain, and unambiguous. If the petition fixing the boundaries of a proposed consolidated independent school district includes a school corporation containing a city, town, or village with a population of 200 or more inhabitants, the voters residing upon the territory outside of said school corporation shall vote separately and in one ballot box, and those residing within the school corporation containing the city, town, or village having a population of 200 or more inhabitants shall also have a separate ballot box. The statute refers to a school corporation containing a city, town, or village having a population of 200 or more, and not to a school corporation having a population of 200 or more, and also a city, town, or village. Possibly the provisions of Section 177-c might be avoided if the construction for which relators contend were adopted, but the language of the statute will not bear such construction.

Other related questions are discussed, but the case is disposed of by what has already been said. It follows, therefore,

that the judgment of the court below should be, and is,—
*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.