### HUNTER v FRENCH et

Ohio. Appeals, 2nd Dist, Franklin Co

No 2931. Decided Nov 23, 1938

Wilson & Snyder, Columbus, for plaintiff-appellant.

John L. Davies, City Attorney, Columbus, Lawrence R. Curtiss, Asst. City Attorney, Columbus, for defendants-appellees.

John M. Collins, Columbus, for defendant-appellee.

### OPINION

By BARNES, PJ.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff through his petition sought a declaratory judgment to which defendants filed a general demurrer and after hearing the demurrer was sustained and final judgment entered against the plaintiff.

Plaintiff brought his action as an individual and also as a representative of the Columbus Retail Confectioners Association consisting of about 225 members, all of whom including the plaintiff are independent vendors of food stuffs in the City of Columbus. In addition plaintiff sought to include all others similarly situated in the City of Columbus, Ohio, or whoever else might come in and take part in the action.

In substance plaintiff complains that he and all others similarly situated are affected by §§13044 and 13045 GC.

The defendants are officers of the City of Columbus, Ohio, having to do with crimes and misdemeanors within the city and one H. J. Montoney is a resident of Columbus, Ohio, and not holding any official position. The petition contains the further allegation that numerous affidavits and complaints have recently been filed in the Criminal Division of the Municipal Court of Columbus, Ohio, against the plaintiff and others similarly situated charging the violation of §13045 GC; all complaints have been made by H. J. Montoney; none has been made by any police officers. In substance, the complaints against the plaintiff and others similarly situated are alleged to have invoked a very strict compliance with what is commonly termed the "Blue Laws". The closing substantive portion of the petition reads as follows:

"That a situation has developed in the City of Columbus, Ohio, as a result of said statute which has led to a selfish use of said statute by certain parties and groups and in many instances has resulted in violations, threats, coercion and property damage; that there should be a declaration on said statute as to the rights and privileges of plaintiff and others similarly situated."

The Uniform Declaratory Judgment Act is a rather recent enactment becoming effective October 9, 1933. Its provisions are contained in §§12102-1 to 12102-16, GC, inclusive. Through the various sections the provisions for declaratory judgment are very broad.

Sec 13044, GC in substance provides: Whoever being over fourteen years of age engages in common labor or opens or causes to be opened a building or place for the transaction of business, etc., on a complaint made within ten days shall be fined.

Sec 13045, GC, provides in substance that §13044 GC shall not apply to work of necessity or charity and does not extend to persons who conscientiously observe the seventh day of the week as the Sabbath, etc.

Counsel for plaintiff in their brief admit the constitutionality of the above sections, but apparently seek to have the court construe §13045 GC as to whether or not plaintiff and others similarly situated in keeping their place of business open on Sunday would or would not be a work of necessity

cr charity. §12102-6 GC of the Declaratory Judgment Act provides that courts may refuse to render or enter a declaratory judgment or decree where such judgment or decree if rendered or entered would not terminate the uncertainty or controversy giving rise to the proceeding.

This is exactly the situation presented under the allegations of plaintiff's petition. No facts or circumstances are presented through which any court could determine whether or not the claim work or keeping their place of business open on Sunday is a work of necessity or charity. Hence there is no predicate upon which a court could base a declaratory judgment.

It would not be possible for a court to set out all the facts and circumstances under which the keeping of a place of business open on Sunday would be a necessity or charity. To attempt so to do would provide confusion and could not terminate controversy.

It is not the intent of the Declaratory Judgment Act to assume facts and then determine the law applicable thereto, but rather to determine rights upon stated facts.

We have been favored with the written opinion of the trial court in passing upon and sustaining demurrer and we are in full accord with the reasoning of the trial court.

We have examined all authorities and cited cases referred to in the briefs of counsel and find nothing in any of the cases that demands a contrary view.

The judgment of the court below will be affirmed and costs adjudged against the appellant.

HORNBECK and GEIGER, JJ, concur.