[Civ. No. 2463.    Fourth Appellate District.—November 20, 1939.]

OSCAR HENDRICKSON, Respondent, v. CALIFORNIA TALC COMPANY (a Corporation) et al., Appellants.

Kenyon F. Lee, John L. Campbell and Duckworth & Harrison for Appellants.

C. E. Crowley and Harry H. Parsons for Respondent.

BARNARD, P. J.—The plaintiff brought this action for declaratory relief to determine his interests in four unpatented mining claims, including one known as ''Cooperation No. 1''. The complaint alleged that in 1928, the plaintiff entered into a mining partnership with one Oscar Hoerner; that during that year the partners located three of the claims in question; that on June 7, 1930, the partners and four of the defendants here located the Cooperation No. 1 claim; that Oscar Hoerner, with his wife and brother, subsequently jumped and relocated these four claims without including the plaintiff in such new locations; that the Hoerners and the other defendants conspired to cheat and defraud the plaintiff out of his interest in these claims and to this end recorded various notices and contracts which are a cloud upon the interests of the plaintiff in these claims; that a trust and fiduciary relationship existed between the parties; that the plaintiff has no plain, speedy or adequate remedy at law; and that unless equitable relief be given he will suffer irreparable injury. The prayer is for declaratory relief, for an accounting, for an injunction, that the plaintiff be declared to be the owner of an undivided 1/6th interest in the Cooperation No. 1 claim and an undivided ½ interest in the other claims, and for other equitable relief.

Answers were filed by various defendants. Among other things, it was alleged that on June 4, 1930, the land upon which the Cooperation No. 1 mining claim was purportedly located was withdrawn from public entry and had not been restored to such entry on June 7, 1930, when plaintiff's purported location was made; that such location is void; that after said land was restored to public entry the land which had been embraced in the Cooperation No. 1 claim was ''located and relocated . . . by certain of said defendants'';

and that by various agreements and assignments the interest of the other defendants had been sold under contract to the National Lead Company. A cross-complaint was filed by one defendant seeking to establish his ownership of a 1/6th interest in the Cooperation No. 1 claim.

The court made findings of fact and conclusions of law and entered a judgment decreeing, among other things, that the plaintiff is the owner of an undivided 1/6th interest in two of the claims, that he has no interest in one of the claims, and that he is the owner of an undivided 1/8th interest in the Cooperation No. 1 claim. The 1/8th interest thus awarded to the plaintiff is accounted for by the fact, as found, that he had conveyed a portion of his 1/6th interest to one Stephens.

Four of the defendants have appealed, on the judgment roll alone, from that portion of the judgment reading as follows:

"(4) That the 'Co-operation No. 1' Placer Mining Claim is a valid and subsisting placer mining claim and is situated in an unorganized mining district in the County of San Bernardino, State of California, and is described as follows: (Here follows description.)

"That the defendants George L. Ratcliffe, Reuben E. Scott, Jr., Harold H. Farnham, and Oscar B. Aman are each of the owners of an undivided one-sixth (1/6) interest, and the plaintiff, Oscar Hendrickson, is the owner of an undivided one-eighth (1/8) interest, and M. M. Stephens is the owner of an undivided one-twenty-fourth (1/24) interest in and to said 'Co-operation No. 1' Placer Mining Claim, as tenants in common."

This appeal, therefore, involves only the Cooperation No. 1 claim, and whether that portion of the judgment is supported by the findings.

The only point raised by the appellants is that the original location of the Cooperation No. 1 claim on June 7, 1930, was void and of no effect because that land had been withdrawn from entry on June 4, 1930. It is pointed out that the court found that said location was made by the respondent and five others on June 7, 1930, that the land was withdrawn from public entry on June 4, 1930, that the withdrawal was revoked and the land restored to public entry on August 6, 1931, and that the land had not been restored

to public entry on June 7, 1930. It is argued that the statement in the judgment that Cooperation No. 1 is a valid and subsisting placer mining claim is therefore erroneous and not supported by the findings. In this connection it is argued that after the land was restored to public entry, and on December 15, 1931, the land was again located by others, including a part of those who had previously attempted to locate it, and that, the original location being void, any of the original locators had a legal right to unite with other locators in making a new and valid location. Conceding that the latter contention is true under some circumstances it is, under other circumstances, subject to equitable rules and considerations which may be controlling.

Speaking generally, the respondent's contention is that the land in question was included in a large tract of land which was temporarily withdrawn from public entry pending the fixing of a definite location of the line of an aqueduct to be built for the purpose of bringing waters from Boulder Dam into this state; that the respondent and his partner Oscar Hoerner, with others, filed the original location of Cooperation No. 1 claim on June 7, 1930, in good faith and in ignorance of the withdrawal order; that a fiduciary and trust relationship existed between the respondent and Oscar Hoerner; that while the original locators remained in possession of the claim and were proceeding with the necessary work thereon Oscar Hoerner discovered that the land had been withdrawn from entry; that without informing the respondent of this fact he waited until after the land had been restored to entry and then, with his wife and brother and certain others, filed a new location or new locations covering the same land; that the filing of the new locations on December 15, 1931, constituted a violation of the existing trust and fiduciary relationship; that the paramount title is still in the United States; and that as between the parties themselves the court correctly concluded and decreed that the respondent was the owner of an interest in this claim.

The difficulty with respondent's theory is that the court found that there was no trust or fiduciary relationship at any time between him and Oscar Hoerner. On the other hand, it does not clearly appear that the court's conclusion of law, which is included as a statement in the judgment, that Cooperation No. 1 is a valid and subsisting mining claim, is

based upon and refers to the original location of that claim on June 7, 1930, which location the court found to have been made at a time when the land was not open to entry. This conclusion may refer to and be based upon a subsequent location or relocation. While the findings seem to indicate that relocations of this claim were later made, there is no definite finding as to when any such relocation was made or who made it. Such findings as there are in this regard are conflicting. In finding IX it is found that each of the defendants is a "relocator" of Cooperation No. 1 and of "every part thereof", but in finding VII it is found that it is not true that Cooperation No. 1 mining claim has been relocated by any of the defendants.

Other conflicts and inconsistencies also appear in the findings. In finding VII, it is found that nothing has ever been done by any of the defendants to deprive the plaintiff of any of his interest in this claim and no action has ever been taken by any of the defendants for the purpose of obtaining any part of plaintiff's interest in this claim. In finding XVII it is found that no defendant has ever repudiated any rights of the plaintiff in this claim. On the other hand, it is found in finding IX that all of the defendants, with the exception of Aman, deny plaintiff's rights and ownership in this claim *"in toto"*. In finding VII it is found that Oscar Hoerner located and filed on mining claims, apparently including this claim, in the name of himself, his wife and his brother, but that he did not omit therefrom the name of the plaintiff as a colocator. In the next sentence it is found that he did not include the name of the plaintiff as a colocator. In finding XXXV, it is found that the defendant California Talc Company and the defendant National Lead Company, in acquiring contractual rights in this claim, were *bona fide* purchasers for value and acted without notice of the claims of the plaintiff. In the next sentence it is found that both of these corporate defendants had constructive notice "that plaintiff was a colocator . . . of said Cooperation No. 1 placer mining claim." It is found in finding I that it is "indispensably necessary" that the plaintiff be given declaratory relief. In finding XIV it is found that it is not true that the plaintiff will suffer irreparable injury if he is not given declaratory relief.

Because of the inconsistent findings it cannot be told what the court intended to find as to the facts which are material in deciding this controversy. The findings as they are will not support a judgment in favor of any party to the action insofar as ownership of any interest in the Cooperation No. 1 claim is concerned. It cannot be told whether the court intended to find in accordance with the theory that subsequent locations of this claim were made, that the rights of the respondent continued in and through these subsequent locations, and that those rights were recognized by the appellants in all of their later acts and dealings among themselves, and were unaffected thereby, or whether it intended to find that subsequent locations and actions, although antagonistic to the rights of the respondent, were ineffective for the reason that the original location was good. The action should be retried and appropriate and definite findings made on the issues raised in connection with the Cooperation No. 1 mining claim.

The portion of the judgment appealed from is reversed and that part of the action remanded for a new trial.

Marks, J., and Griffin, J., concurred.