C. C. HARP, mayor, et al. (members of city council of Newton), appellants, v. M. L. ABRAHAMSON, treasurer of state of Iowa, appellee.

No. 49059.

(Reported in 80 N.W.2d 505)

JANUARY 15, 1957.

Herbert S. Selby, City Attorney, of Newton, for appellants.

Dayton Countryman, Attorney General, and Oscar Strauss, Assistant Attorney General, for appellee.

HAYS, J.—Action in mandamus wherein the duty of the treasurer of the state of Iowa, under section 312.3(2), Code of 1954, is involved. By agreement and as provided by rule 105, Rules of Civil Procedure, the following law point was submitted to the trial court: Whether, in the apportionment of the road use-tax fund as directed in section 312.3(2) (all subsequent references to statutes refer to Code of 1954 unless otherwise stated), the treasurer of state is required to use, as a basis therefor, the population of a city or town as appears in the 1950 census, as certified by the secretary of state, or, to use as a basis therefor the population of a city or town as shown by a later census of said city or town under the provisions of section 1(b) of Public Law 671 of the 80th Congress (Second Session) and certified by the Director, Bureau of the Census, United States Department of Commerce. The trial court held the census of 1950, certified by the secretary of state controlled. From a judgment dismissing plaintiffs' petition, they appeal.

Plaintiffs are the mayor and members of the city council of Newton, Iowa. In 1954, pursuant to section 1(b) of Public Law 671, 80th Congress, a census of the city of Newton was taken and certified to by the Director, Bureau of the Census, United States Department of Commerce. The population, thus ascertained and certified, was 13,572. In December 1954 this certification was delivered to the treasurer of state with a request that

subsequent apportionments of the road use-tax fund be based upon the 13,572 population count. The last census of the cities and towns in Iowa certified by the secretary of state is the federal census of 1950. The treasurer of state refuses to recognize the city census of 1954 and bases his apportionment upon the 1950 census.

Chapter 312 creates a certain fund which is distributed to various groups by the treasurer of state on a percentage basis. Section 312.3 provides: "The treasurer of state shall, on the first day of each month: * * * 2. Apportion among the cities and incorporated towns of the state, in the ratio which the population of each city or town, as shown by the latest available federal census, bears to the total population of all such cities and towns in the state, the eight percent of the road use tax funds which he has credited to the street fund of the cities and towns, * * *."

I. Appellants' basic proposition advanced for a reversal is that the trial court erred in holding that the city census of 1954 was not the "latest available federal census" within the purview of said section 312.3(2).

We have no trouble, at least so far as this case is concerned, in agreeing with appellants that the census taken in 1954 is a federal census. Black's Law Dictionary, Fourth Edition; State ex rel. Brubaker v. Brown, 163 Ohio St. 241, 126 N.E.2d 439. Whether such federal census meets the requirement of said section 312.3(2) presents a more difficult question.

Section 4.1(26) states, "The word 'population', where used in this code or any statute hereafter passed, shall be taken to be that as shown by the last preceding national census, unless otherwise specially provided."

Section 26.6 provides: "Whenever the population of any county, city, or town is referred to in any law of this state, it shall be determined by the last certified, or certified and published, official census unless otherwise provided."

Section 26.2 provides: "The secretary of state shall, whenever a general census is taken by the federal government, procure * * * a copy of such part of said census as gives the population of the state of Iowa by counties, by cities, and by towns, and file the same in his office and attach thereto, dated and signed

by him, a certificate that the same is the census report furnished to him * * *."

Section 26.3 provides for publication and states, "from and after the date of such publication said census shall be in full force and effect throughout the state."

Appellants assert that said statutes are not applicable to the instant situation since by use of the words "latest available federal census" the legislature has otherwise provided. All parties would concede that the census taken in 1954 of the city of Newton does not meet the requirements of sections 4.1(26), 26.2, 26.3 or 26.6.

The legislature, in enacting chapter 312, created a general fund to be administered among the various cities and towns of the state on an equitable basis, i.e., the population of the various cities and towns. By section 312.3(2) it provided, "in the ratio which the population of each city or town, as shown by the latest available federal census, bears to the total population of all such cities and towns in the state." Ratio, as defined by Webster's International Dictionary, means "the quotient of one magnitude divided by another of the same kind." Under appellants' theory one magnitude would be the population of the city of Newton, as established by the special federal census of 1954, divided by another magnitude which must be the population of all the cities and towns as established by the last certified census, i.e., that of 1950. This last certified census would also be the "latest available federal census" so far as the total population of all cities and towns is concerned. Clearly such magnitudes are not of the same class. Under the same definition of ratio, using the last certified census as the magnitudes, there is an equality between the cities and towns based upon the same classification. We do not believe the legislature by the use of the words "latest available federal census" intended other than as included in sections 26.2, 26.3 and 26.6.

We are strengthened in this belief by an examination of section 312.3(3), which states, "In any case where a city or town has been incorporated *since the latest available federal census* the mayor and council shall certify to the state treasurer the actual population * * * as of the date of incorporation and its apportionment of funds under this section shall be based upon

such certification until the *next federal census enumeration.*" (Italics added.) Under no plausible theory could the "latest available federal census" referred to therein, being followed by the words "until the next federal census enumeration", mean other than a general federal census. Nor do we think the legislature, in using the words "latest available federal census" in both sections 312.3(2) and 312.3(3), intended a different meaning be given to one as against the other.

As bearing upon the question see In re Sale of Intoxicating Liquors, 108 Iowa 368, 79 N.W. 260; State ex rel. Hilfiker v. Seaton, 191 Iowa 81, 181 N.W. 796; Broyles v. Mahaska County, 213 Iowa 345, 239 N.W. 1.

II. Further error is assigned due to refusal of the trial court in the hearing under rule 105, R.C.P., to permit the appellants to make a record beyond the pleadings themselves. Specifically, appellants asked the court to take judicial notice of certain statutes of Illinois and Indiana; also to take judicial notice of certain bills introduced in the Iowa Senate and House in the Fifty-sixth General Assembly; that it be conceded that if called as witnesses, the city attorney of Rockford, Illinois, and the deputy state auditor of the state of Indiana would testify that in their respective states, under statutes similar to the one in question, a federal census such as in the instant case is accepted as a basis for a state-wide apportionment of funds. Objection was made that there is no statutory authority permitting introduction of evidence in a hearing under rule 105, R.C.P., and therefore such is incompetent, irrelevant and immaterial. The trial court denied appellants the right to offer testimony supplementary to the allegations of their petition.

While this question has never been squarely before this court, the case of Buckley v. Deegan, 244 Iowa 503, 57 N.W.2d 196, seems to indicate the trial court was correct in confining the issue to the allegations of the pleadings. Furthermore, the sole question presented was the construction of an Iowa statute, section 312.3(2), and the construction placed upon a statute of another state by an official of that state would seem to be immaterial and irrelevant as a matter of evidence. At any rate, error, if error it was, was clearly nonprejudicial.

For the reasons above stated the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.