DR. A. H. WESSELINK et al., appellants, v. STATE DEPARTMENT
OF HEALTH and DR. EDMUND G. ZIMMERER, commis-
sioner of public health, appellees; IOWA STATE
MEDICAL SOCIETY et al., intervenors-
appellees.

No. 49107.

(Reported in 80 N.W.2d 484)

January 15, 1957.

Rehearing Denied March 8, 1957.

Max Putnam, of Des Moines, for appellants.

Dayton Countryman, Attorney General, and Leonard C. Abels, Assistant Attorney General, for defendants-appellees.

Lehmann, Hurlburt, Blanchard & Cless, of Des Moines, for intervenor-appellee Iowa State Medical Society.

Herman W. Walter, of Des Moines, for intervenor-appellee Iowa Society of Osteopathic Physicians and Surgeons.

Larson, J.—Plaintiffs, as individuals licensed to practice chiropractic, in their own behalf and on behalf of all licensed chiropractors in Iowa, brought this action for declaratory judgment in two counts against the defendants, the State Department of Health and the Commissioner of Public Health. The pleadings set out particular allegations of fact, rights, contentions and prayers which were substantially the same in each count. Plaintiffs, among other things, alleged by certain conduct of the Code Commission for the 1924 Code that they as chiropractors were deprived of a part of section 1326-a20 of the Supplement to the Compiled Code of 1923, granting them all rights and privileges of physicians and surgeons, with certain exceptions. They prayed for a "Declaratory Judgment to construe the meaning of the word 'physician' as used in section 135.1, subsection

5, and section 135.2 and section 135.3 of the 1954 Code, and also to construe the meaning of the definition of the word 'physician' as used in section 135.1, subsection 5, and the intent of the legislature in enacting the statute now known as subsection 5 of section 135.1", and asked that the court uphold the contentions of plaintiffs that the designation include chiropractors as well as medical doctors and osteopaths.

After preliminary motions, defendants and the intervenors Iowa State Medical Society and Iowa Society of Osteopathic Physicians and Surgeons filed answers in two divisions, which in part denied and in part admitted the allegations of plaintiffs. A third division to the answer set up the affirmative defense that the petition failed to state a justiciable controversy between proper parties, thus raising a moot and academic issue upon which plaintiffs were not entitled to relief.

Thereafter, with leave of court, plaintiffs filed an amendment to their petition alleging, "the defendants, with the support and at the instance of the intervenors, discriminate against the plaintiffs in the services conducted by the defendants at public expense, which discrimination includes refusal to distribute to plaintiffs any of the material distributed to intervenors and issued under section 135.11"; also that defendants did not send them information sent to physicians such as their "mobile survey of tuberculosis among the public." It alleged such discriminatory practice created a "need for relief by injunction, mandamus or otherwise", and that "defendants assert that intervenors are entitled to preferential rights and privileges as physicians and surgeons over the plaintiffs" because they are "charged with special duties and obligations" not included to chiropractors, etc. Defendants' denial of these allegations again included a separate count applying for a determination before trial of a point of law under Rules of Civil Procedure 105, and the court's determination of this question for defendants raises the only point of issue before us at this time, namely, does the petition as amended present a justiciable controversy between proper parties?

The trial court correctly determined that the Iowa Rules of Civil Procedure empower the court to declare rights, status and other legal relations affected by statute, when a justiciable con-

troversy exists which will entitle the plaintiffs to such a declaration. Rule 262, Iowa Rules of Civil Procedure. The court was also substantially correct in stating, "a justiciable controversy means an active, antagonistic assertion of a legal right on one side and a denial thereof on the other concerning a real, and not a mere theoretical, question or issue and affecting a right in controversy wherein the court otherwise has jurisdiction of the subject matter and the parties, which right ought to be decided to safeguard it, and which can be finally settled and determined by entering a judgment or decision for either party by a single decree or supplemental decision thereon." The fact that this definition is lengthy and involved might reasonably account for error in its present application. In its conclusions of law the court stated:

"Basically the plaintiffs by their petition as amended seek to have the court: (a) Define the word 'physician' as used in section 135.1, subsection 5, 135.2 and 135.3 * * * by judicially inserting in section 135.1, subsection 5, the phrase 'chiropractors shall, subject to the limitations contained in chapter 151 (the Code chapter recognizing chiropractic and establishing limitations in its practice) be entitled to all the rights and privileges of physicians and surgeons and shall be subject to all the duties and obligations prescribed by the statutes of this state insofar as they are not inconsistent with the provisions of chapter 151'; (b) Declare that a doctor of chiropractic could be named by the Governor of Iowa as the head of the State Department of Health."

As we understand the judgment of dismissal, the court found that no plaintiff alleged he was seeking the office of Commissioner of Public Health, none was being considered for the job, no successor was being contemplated to replace the incumbent at this time, and defendants had no authority or part in making such appointments. Thus it concluded the parties were not proper ones nor the issue ripe or proper for declaratory relief, and dismissed the cause as not justiciable. The trial court further held it did not have jurisdiction. We cannot agree with that disposition of the case at this time.

I. Declaratory-relief provisions in Iowa are found in Rules of Civil Procedure 261 to 269 inclusive. Rule 262, of importance in this case, provides in part as follows:

"Any person interested in a contract * * * or *whose rights, status or other legal relations are affected by a statute,* * * * may have determined any question of the construction or validity thereof or arising thereunder, and *obtain a declaration of rights, status or legal relations thereunder."* (Emphasis supplied.)

These rules are of relatively recent effect in Iowa, and our decisions thereunder are few. Fortunately, many prior judicial pronouncements under the Uniform Act and the Federal Declaratory Judgment Act, from which our rules are patterned, are available and helpful. For a complete discussion of this adoption, see Ostrander v. Linn, 237 Iowa 694, 22 N.W.2d 223.

One of the most troublesome questions in this field of law is, when does a justiciable controversy arise, as distinguished from a mere abstract question? We said in Katz Investment Co. v. Lynch, 242 Iowa 640, 648, 47 N.W.2d 800, 805:

"The difference between a mere abstract question and a controversy has been called one of degree which is difficult to define precisely. The basic question is said to be whether the *facts alleged show there is a substantial controversy* between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment", citing Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U. S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826, 829. (Emphasis supplied.)

We are not concerned with the actual proof here, for the question we have to decide is whether or not under the pleadings plaintiffs have stated a cause in which material and competent evidence that would justify the relief demanded could be received.

Our declaratory-judgment rules necessarily deal with present rights, and we must examine carefully each petition to determine whether such legal right is in issue between the parties litigant. It has often been said it is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative. Borchard, in his Declaratory Judgments, Second Edition, pages 41, 42, states:

"Were the controversy not genuine or ripe for judicial decision, with a plaintiff and defendant having actually or potentially opposing interests, with a *res* or other legal interest definitely affected by the judgment rendered and the judgment a final determination of the issue, it would fail to present a justiciable dispute—not because it seeks a declaratory judgment, but because it lacks the elements essential to invoke any judgment from judicial courts."

We search, then, for an "antagonistic assertion and denial of right" and, if found and other proper allegations appear, the court may then entertain the question of whether the plaintiffs' claim is proper and justified. Manhattan Bridge Three-Cent Line v. City of New York, 204 App. Div. 89, 198 N. Y. S. 49. An inspection of the pleadings to determine whether they show antagonistic positions is necessary and proper. Yukon Pocahontas Coal Co. v. Ratliff, 175 Va. 366, 8 S.E.2d 303. By an inspection of the pleadings in the case at bar, can we determine from plaintiffs' petition alone the fact that the positions or contentions of the parties are substantial and antagonistic?

Defendants correctly contend there must be sufficient facts pleaded to show that the issue is concrete and that particular legal rights and powers will be or are affected. Otherwise the court would be justified in dismissing the petition as merely advisory in character. In re Estate of Pierce, 245 Iowa 22, 60 N.W.2d 894; Hartford Accident & Indemnity Co. v. O'Connor-Regenwether Post, 247 Iowa 168, 73 N.W.2d 12; State ex rel. Smith v. Haveland, 1946, 223 Minn. 89, 25 N.W.2d 474, 174 A. L. R. 544; United States v. West Virginia, 295 U. S. 463, 55 S. Ct. 789, 79 L. Ed. 1546; John P. Agnew & Co. v. Hoage, 69 App. D. C. 116, 99 F.2d 349; Hendrickson v. California Talc Co., 35 Cal. App.2d 544, 96 P.2d 175; Hunter v. French, 28 Ohio Law Abs. 129; Eugene School Dist. No. 4 v. Fisk, 159 Ore. 245, 79 P.2d 262.

Relief may also be denied if no irreparable injury is apparent, but such determination must usually await a full hearing on the matter. Certainly the purpose of this relief is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relationship either as to present or prospective

obligations. If that purpose appears, the court should stabilize, if possible, the legal relations of the parties. James v. Alderton Dock Yards, 256 N. Y. 298, 176 N.E. 401. Anderson on Declaratory Judgments, Volume 2, Second Ed., page 1011, says: "Whether or not there is a justiciable controversy justifying the granting of a declaratory judgment is a factual question, and it is immaterial whether it is established by the pleadings or by evidence." Also see Yukon Pocahontas Coal Co. v. Ratliff, 175 Va. 366, 8 S.E.2d 303.

Plaintiffs are licensed practitioners of chiropractic and by their amendment allege they have been discriminated against by defendants' administrative practice, in that they are not treated as physicians under section 135.11 of the Code and especially section 135.11, subsection 11; in other words, they as "physicians" are not distributed vaccines at cost. Section 135.11, subsection 11, provides:

"The commissioner of public health shall: * * * Establish stations throughout the state for the distribution of antitoxins and vaccines to physicians, druggists, and other persons, at cost. * * *."

Under these allegations proof of discrimination, based upon the parties' different construction of the word "physician", would seem material and proper. Proof that the department was not classifying plaintiffs as physicians in the same sense as the intervenor doctors and osteopaths must certainly give rise to a real controversy for which relief in the form of statutory interpretation of the word "physician" would be proper. This would be especially true if such rights are shown to be substantial and valuable rather than trivial and unimportant. Upon suitable proof of discrimination based upon such grounds, an adjudication as prayed would be stabilizing and effective. In other words, the important point of law raised here was as to whether it was possible under these pleadings to prove a real controversy between the parties involving a legal interest affected by defendants' construction of the statute relating to physicians under chapter 135 of the Code. We think it was.

Clearly it takes more than a prayer for relief to warrant such a judgment, for the entire pleadings and proof must be considered to determine whether appropriate issues are pre-

sented to the court upon which it may appositely mold a decree or pronounce and cause a judgment to be entered. Robinson v. Puls, Cal. App., 164 P.2d 332, 28 Cal.2d 664, 171 P.2d 430. Here the apparent issues, in addition to the relief asked in the prayer, were: Did the defendants discriminate against these plaintiffs, and did they refuse to sell them certain drugs at cost, while providing such services to the intervenors as a class? Did defendants rightfully discriminate for the reason plaintiffs were not "physicians" as classified and defined in chapter 135, and specifically section 135.1, subsection 5? Is the legal interest violated substantial, not trivial? If the evidence discloses such interpretation as the basis of such discrimination, then it would appear plaintiffs' legal interest is in dispute and a statutory construction is proper in the declaratory action.

II. It appears clear the trial court did not fully consider the amendment in its action to determine points of law under R. C. P. 105, for while it may well be that prior to the amendment as a matter of law no justiciable controversy between proper parties was presented, we are reminded under rule 89, R. C. P., the amendment must be construed as a part of the original pleading, and this amendment did broaden the issue to include a relationship between the party litigants.

It is true, as defendants contend, that they have no interest in and are therefore not adversaries of plaintiffs in their claim to a right of appointment as commissioner of public health, for they could do nothing to expedite or hinder such a claimed right, and no doubt as to that issue the cause is abstract and hypothetical. The fact that a judicial pronouncement as to the intention of the legislature in its use of the word "physician" in section 135.1, subsection 5, as affecting the department's service to plaintiffs as chiropractors, may answer that question indirectly is not important here. Furthermore, we are not now concerned with any relief the court may or may not grant upon a trial of this matter. Such declaration must depend upon the evidence produced.

III. While we have here determined that a present cause of action exists, there is respectable authority for the proposition that declaratory relief should be extended to interests of

parties who are jeopardized or challenged *even before* a right of action exists or cause of action occurs. Maryland Casualty Co. v. Hubbard, 22 F. Supp. 697. Also that courts may intervene by way of declaration "either before or after the stage of relief by coercion has been reached." Gully v. Interstate Natural Gas Co., Inc., 5 Cir., Miss., 82 F.2d 145, 149.

We too have inferred that a dispute between parties with some authority and right will be entertained when allegations of violated legal rights are simply denied by the other party. In State v. Central States Elec. Co., 238 Iowa 801, 819, 28 N.W.2d 457, 466, we said: "This action arose because of the construction which intervenor placed on those facts and the conclusion of law which it reached. It had a right to test and try that conclusion by court procedure. When it filed its petition in court, and defendant by pleading challenged it, a good-faith controversy—a justiciable controversy—arose."

Regardless of these positions, we find it unnecessary at this time to hold that a mere assertion of a right and a denial between proper parties, involving a proper and legal interest, occasions a judgment in the matter. In the cause of action there appears a present need for a determination of the question, is the department correct in not treating defendants as physicians? There is more alleged here than a mere assertion of a right or a stipulation of the parties that a justiciable controversy exists. Borchard, supra, at page 50, says:

"The opposition to the plaintiff's demand must come from a source competent legally to jeopardize his right. Where, however, that is conceded, it still remains to determine whether the plaintiff has a sufficient interest, pecuniary or personal, to institute a proceeding worthy of judicial relief. He must show that his rights are in direct issue or jeopardy; and incidental thereto, must show that the facts are sufficiently complete, mature, proximate, and ripe to place him in gear with his adversary, and thus to warrant the grant of judicial relief."

This rule is quite adequate to justify our decision in the matter at hand, for, if plaintiffs are deprived of valuable services from the defendant health department, their demand is just and timely.

648

■ IV. We are inclined to a reasonably liberal construction of our declaratory actions and believe relief should be granted unless no useful purpose may be accomplished thereby. In re Estate of Pierce, supra, 245 Iowa 22, 60 N.W.2d 894, and cases cited therein. Under such a rule, unless it clearly appears no cause of action could be maintained due to fatal defects disclosed in the pleadings, such as statutory bars, we should consider imminent as well as present controversies of a real and legal nature. As to this exception, see Buckley v. Deegan, 244 Iowa 503, 57 N.W.2d 196, where the pleadings disclosed such a defect due to the bar created by the Statute of Limitations. In any event we are convinced the trial court was in error in deciding as a matter of law that plaintiffs' petition as amended failed to present a justiciable controversy and that it had no jurisdiction to proceed further in the matter. The dismissal must, therefore, be set aside and the cause returned to the trial court with instructions to proceed with the trial and render such judgment therein as the issues developed require.—Reversed and remanded.

All JUSTICES concur.