In re Estate of Mary A. Turner, deceased.

Valley Bank and Trust Company, trustee, plaintiff-appellee, v. Bankers Building Corporation, appellant; Home for the Aged et al., intervenors-appellees; Des Moines Children's Home et al., defendants-appellees.

No. 49709.

(Reported in 96 N.W.2d 481)

MAY 5, 1959.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, for defendant-appellant, Bankers Building Corporation.

Brody, Parker, Miller, Roberts & Thoma, of Des Moines, for plaintiff-appellee Valley Bank and Trust Company, trustee.

· Lehmann, Hurlburt, Blanchard & Cless, of Des Moines, for defendant-appellee Des Moines Children's Home.

Hiram S. Hunn, of Des Moines, for defendant-appellee American Board of Commissioners for Foreign Missions.

Mitchell & Beving, of Des Moines, for defendant-appellees Plymouth Congregational Church and Women's Fellowship of Plymouth Congregational Church.

Leo J. Lucier, of Des Moines, pro se as defendant-appellee, trustee for Susie P. Turner, an incompetent person.

Herrick & Langdon, of Des Moines, for intervenor-appellee Home for the Aged.

William A. Tookey, of Pasadena, California, pro se as intervenor-appellee, guardian of Susie P. Turner, an incompetent person.

THORNTON, J.—The question presented by this appeal is whether Division XI of defendant's answer states a case for declaratory relief. The question arises on the court's refusal to rule on two law points under rule 105, Rules of Civil Procedure, and the court's withdrawing the issues raised in Division XI of defendant's answer from the case.

The case comes here on defendant's appeal, granted by us, under rule 332, Rules of Civil Procedure. Plaintiff is a successor trustee without discretion, subject to the control of the Polk District Court, under the will of Mary A. Turner, deceased. Defendant is a lessee by assignment of a lease to a quarter of a block of downtown real estate in Des Moines. The lease was entered into in 1918 between plaintiff's predecessor as trustee, defendant's assignor, and all of the beneficiaries, both of the present interest and the remaindermen, all of whom signed and acknowledged the instrument. The district court approved the lease and directed the trustee to execute it. All parties in interest are before the court.

In March of 1958 defendant served notice of its intention to demolish the buildings on the premises and erect thereon a combination drive-in banking facility and self-service parking ramp. As provided in paragraph 6 of the lease, defendant attached to the notice plans and specifications, a cost estimate, and surety bond supported by a pledge of collateral. The plaintiff filed its application for instructions in probate, the court ordered the matter transferred to equity, and the plaintiff to recast its pleadings so the parties could plead to it either as plaintiffs or defendants and the defendant be brought in as a defendant. This was done. The pleadings filed by plaintiff and the beneficiaries raised issues that the proposed structure did not conform to the terms of the lease, the validity of a reduction in rent, that the lessee was in default and committing waste, the validity of the entire lease and the validity of the assignment to defendant. Defendant joined issue on these and in Division XI of its amendment to answer alleged it had the right under the lease to demolish the present buildings without rebuilding and could use the land solely as a parking lot; that the lease only required it to construct buildings or improvements of equal or greater value if it elects to erect buildings on the premises and that it may desire to erect a small structure and use the rest of the premises as a commercial parking lot; that the present improvements have an assessed 100% value of $43,000 and are of extremely doubtful actual value, and defendant in such division prayed for declaratory relief that it may use the premises for a parking lot and for that purpose demolish the

present buildings and erect no building thereon; that such parking lot is a lawful use under the lease; that defendant may use the premises as a combination drive-in banking facility and parking lot without erecting any structure covering a substantial portion of the premises; that a building which cost $45,000 will satisfy all obligations under the lease, and that a drive-in banking facility at such cost and the use of the rest of the premises as a parking lot will comply with the lease.

Plaintiff and the beneficiaries joined issue on Division XI by denial and questioning the right to declaratory relief under the facts alleged therein. The beneficiaries filed an application for separate adjudication of law points under rule 105, Rules of Civil Procedure. The court declined to rule on law points Nos. 2 and 5. A motion was made to require defendant to elect to proceed under the notice it had originally served on plaintiff or to proceed under its Division XI. The court overruled the motion and at the same time on its own motion withdrew from the case all issues raised by Division XI of defendant's answer. Defendant asked and was granted permission by this court to appeal under rule 332, Rules of Civil Procedure, the trial court's refusal to rule on the law points and its withdrawing the issues raised by defendant's Division XI.

I.  The trial court ruled and plaintiff and other appellees argue here that the matters alleged in defendant's Division XI were not ripe for declaratory decision because no notice had been served as provided in paragraph 6 of the lease. We hold this to be error.

Our Rules of Civil Procedure provide in rule 261, "* * * declare rights, status, and other legal relations * * *."; in rule 262, "Any person interested in a contract * * * or whose rights, status or legal relations are affected by a * * * contract * * * may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights, status or legal relations thereunder."; and in rule 265, "The court may refuse to render a declaratory judgment or decree where it would not, if rendered, terminate the uncertainty or controversy giving rise to the proceeding."

The above rules are remedial and should be given a reasonably liberal construction. Wesselink v. State Department

of Health, 248 Iowa 639, 80 N.W.2d 484; In re Estate of Pierce, 245 Iowa 22, 31, 60 N.W.2d 894; Katz Investment Co. v. Lynch, 242 Iowa 640, 647, 47 N.W.2d 800, 804; State v. Central States Electric Co., 238 Iowa 801, 809, 28 N.W.2d 457.

The basic question is said to be whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment. Katz Investment Co. v. Lynch and Wesselink v. State Department of Health, both supra.

In State v. Central States Electric Co., supra, at page 819 of 238 Iowa, page 466 of 28 N.W.2d, we said: "* * * So far as appears there had been no open and overt controversy between the intervener and defendant prior to this proceeding. There had been no actual assertion and denial between them with respect to the franchise. The facts upon which the initial rights of the parties are based have never changed. The dormant seed of the controversy was there. This action arose because of the construction which intervener placed on those facts and the conclusion of law which it reached. It had a right to test and try that conclusion by court procedure."

Applying the above to this case we find from the pleadings (no evidence has as yet been taken) downtown business property on which the buildings are over 60 years old and not in a good state of repair. The lease has over 50 years to run and calls for substantial rentals. The lease contains provisions giving the tenant rights relative to alterations, repairs, demolishing the building and rebuilding. The lease also contains: "* * * new buildings * * * shall at all times be of the quality, character and value provided for herein and such as may be required for the proper preservation of said property * * *. All buildings at any time to be erected on said premises by lessees shall be of equal or greater value than the building or buildings removed * * *."

The trial court was unable to find a specific standard for the phrase "provided for herein" and we are unable to find any. Defendant in its Division XI claims certain rights as to the use of the premises and the kind and type of building, if any, necessary to comply with the lease. Plaintiff and the beneficiaries deny such rights. The need for determination is

both immediate and real. A declaratory judgment will finally determine all matters raised in Division XI of defendant's amendment to answer. Now, does the provision of the lease requiring the lessee to serve notice on the lessor not less than 30 days nor more than 60 days before commencing any work, demolishing or rebuilding, at a probable cost of more than $3000, prevent the lessee from obtaining declaratory relief before serving such notice? Is the notice a condition precedent to such relief? We think not. A liberal construction of our Rules of Civil Procedure requires us to hold the lessee is entitled to have these matters determined without being put to the expense and loss of time incident to repeated notices.

There is a present need for a determination of the matters raised in defendant's Division XI. Courts may intervene by way of declaration either before or after the stage of relief by coercion has been reached. Wesselink v. State Department of Health, supra.

II. Law points Nos. 2 and 5 raise questions of the right of the defendant, under the terms of the lease, to demolish the present buildings without immediately rebuilding and the right to use the premises solely as a parking lot. The court refused to rule on these points. The refusal could properly have been placed on the ground these points of law were not solely points of law as contemplated by rule 105, Rules of Civil Procedure, but contain facts yet to be determined. As having some bearing hereon see: Kriv v. Northwestern Securities Co., 237 Iowa 1189, 24 N.W.2d 751; Buckley v. Deegan, 244 Iowa 503, 57 N.W.2d 196; and Harp v. Abrahamson, 248 Iowa 222, 80 N.W.2d 505.

The ruling of the trial court withdrawing the issues contained in Division XI of defendant's amendment to answer is reversed and the cause returned to the trial court with instructions to proceed with the trial and render such judgment as the issues developed require.—Reversed and remanded.

All JUSTICES concur.